CHARLES H. WILSON v. STATE.

164 So. 846.

Opinion Filed December 19, 1935.

*Paul Lake,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—The writ of error in this case brings for review a judgment of conviction of the plaintiff in error in the Criminal Court of Record of Hillsborough County under an information in two counts. The first count of the information charged that Charles H. Wilson in the County of Hillsborough and State of Florida on the 27th day of February, 1932, "did then and there unlawfully, feloniously and corruptly attempt to corrupt one Henry A. West, who was then and there a juror in the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida in and for Hillsborough County, Florida, to serve as a juror on the 29th day of February in the year of our Lord one thousand nine hundred and thirty-two, the said CHARLES H. WILSON, well knowing the premises, by offering and promising a gift of money to the said Henry A. West, to-wit, one hundred dollars in money, of the value of one hundred dollars in money current of the United States of America, with the intent to influence the decision and bias the opinion of the said Henry A. West in relation to a certain cause pending in said court and set for trial on the 29th day of February in the year of our Lord one thousand nine hundred and thirty-two, wherein the State of Florida was plaintiff and Louis Leavine was defendant"; against the form of the statutes, etc.

In count 2 it was charged that Charles H. Wilson in the County of Hillsborough and State of Florida on the 27th day of February, 1932, "did unlawfully, feloniously and corruptly offer and attempt to corrupt one Henry A. West, he the said Henry A. West, being then and there duly and regularly drawn and summoned to appear and serve as a juror in the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida, in and for Hillsborough County, Florida, wherein there was pending and set for trial on the 29th day of February in the year of our Lord one thousand

nine hundred and thirty-two, the cause of the State of Florida against Louis Leavine, in the manner following, to-wit";

A material allegation in count 1 of the information is, "the said Charles H. Wilson well knowing the premises, by offering and promising a gift of money to the said Henry A. West, to-wit, one hundred dollars in money, of the value of one hundred dollars in money current of the United States of America," and a material allegation of the second count of the information is: "that he, the said Charles H. Wilson, then and there well knowing the premises, did unlawfully, feloniously and corruptly offer and promise to give and pay to him, the said Henry A. West, a large sum of money, to-wit, the sum of one hundred dollars in money current of the United States of America."

Practically the same facts as are presented in this case were presented in the case of Wilson v. Joughin, 105 Fla. 345, 141 Sou. 178. In that case, in commenting on the testimony, we said:

"Here the language and conduct attributed to Wilson by West in his sworn testimony before the Circuit Judge was unambiguous and amongst reasonable men could have but one meaning, and that was that Wilson intended West to understand that if he, West, could get on the jury and a mistrial should result that West would get $100.00 and that if an acquittal resulted West would get $200.00. This conduct, if indulged in by Wilson was a clear and unambigious' attempt to interfere with the orderly process of justice and to corrupt a proposed juror and to obstruct the Court in its administration of law."

And we held, that such conduct on the part of Wilson would constitute a contempt of court.

In the instant case the same conduct on the part of Wil-

son which was referred to there was relied upon to sustain a verdict of guilty under information charging the same as a criminal offense and here there are elements required to be proven which were not required to be proven in the contempt proceedings, and it is, therefore, contended by plaintiff in error that the evidence is not sufficient to sustain the verdict and judgment.

We think the evidence is susceptible of the construction which would warrant the jury in reaching a verdict of guilty.

Another contention made here by plaintiff in error is that the court committed reversible error in permitting Hon. L. L. Parks, Circuit Judge of the Thirteenth Judicial Circuit of Florida, to testify in response to the following question: "Did you also cite Mr. Wilson here at that time?" over the objection of defendant as follows, "Yes, sir."

The question was objected to upon the ground that the court records are the best evidence of what happened in that court (referring to proceedings had in ,the Circuit Court).

We think the objection was well taken, but the plaintiff in error waived his right to insist upon that objection by the following proceedings when the State had finished the direct examination of Judge Parks:

"Cross Examination, by Mr. Lake:

"Q. Did you sentence Mr. Wilson to serve a period of ninety days for this offense? A. Yes, sir. For the offense of attempting to influence Mr. West?

"Q. Yes? A. Yes, sir, I did.

"Redirect Examination, by Mr. Pencke:

"Q. That was a sentence for contempt of court, was it not?

"A. Yes, sir."

Whereupon witness was excused. Then the following occurred:

"Mr. Pencke: I am sorry, but we will have to wait on the Clerk now.

"The Court: I don't see why you need him. Of course, I do not want to interfere with your conduct of the case, but * * *

"Mr. Pencke: I think I have sufficiently established the fact of his being called as a juror.

"Mr. Lake: Unquestionably.

"The Court: Then you do not want them to proceed with the making of the certified copies?

"Mr. Pencke: No, I do not. The State rests."

While it may be reasonably assumed that the appearance of Judge Parks, a Circuit Judge, on the stand as a witness in behalf of the State and his testimony to the effect that Wilson had been by him sentenced to serve 90 days after an examination of the witness West by the Circuit Judge, might have had the effect of causing the jury to give credence to the testimony of West which it would not otherwise have given and would have constituted reversible error, had all of that testimony been brought out by the State over the objection of the defendant, we cannot hold it to have constituted reversible error when viewed in the light of the defendant by his counsel participating in bringing out a part of the evidence by cross examination and afterwards waiving his insistence that the proof of the fact attempted to be established by the material part of that proof should be made by the introduction of certified copies of the court records.

It is too well settled to require any citation of authorities here that the punishment of conduct as a contempt of court

will not bar the criminal prosecution of the accused for the substantive offense committed by such conduct. In fact, the plaintiff in error does not contend to the contrary.

The fact that Wilson was sentenced by the Circuit Judge to serve 90 days in jail for contempt of court by reason of the commission of the act here charged as a substantive criminal offense against him can have no weight with this Court in determining the legality of his conviction, while it might appeal to the State Board of Pardons as a reason why he should not be required to serve an additional three years in prison for the commission of the same act.

Finding no reversible error in the record, the judgment ·should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.