ON PETITION FOR CONTEMPT ORDER
MANN, Chief Judge.
Henderson was convicted of rape and sentenced to 30 years upon a plea of guilty. He later filed in this court a petition for delayed appellate review attaching thereto a copy of a letter allegedly written on December 7, 1971 to his trial attorney, purporting to be witnessed by two fellow prisoners in the Hillsborough County jail. In it he asked the attorney to take an appeal. On the strength of this claim we appointed a commissioner, who took testimony and found on ample evidence that Henderson had not in fact instructed his attorney to take an appeal.
The state filed a petition for contempt order asserting that Henderson had lied in his petition for delayed appellate review. We have considered the matter carefully and have had opportunity to compare the alleged signatures of the two witnesses *275 with their signatures on file in this court. We have ascertained that both of these individuals were in fact in the Hillsborough County jail on the date Henderson purported to write to his attorney. However, neither purported signature is genuine, and both are in handwriting styles differing from Henderson’s normal writing. In addition the evidence strongly indicates that at the time Henderson was quite happy with the 30-year sentence, considering the alternative.
The suppression of perjury is a major concern of judges. Our statutes authorize any judge of a court of record who has reason to believe that.a witness or party has falsely sworn to commit that person to answer the charge. Fla.Stat. § 914.13 (1971) F.S.A. This court considers seriously any claim by any prisoner that he has been deprived of his legal or constitutional rights. As in Henderson’s case, the consideration of these claims is at considerable expense to the public. The time spent in considering false or frivolous claims diminishes the quality of justice given those whose claims warrant consideration. We acknowledge that we have the power to punish for contempt, but in a case this serious we refrain from doing so and will, in lieu of entering a contempt order, advise the State Attorney for the Thirteenth Judicial Circuit of the evidence tending to show the commission of an additional felony on the part of Henderson and will further advise the Probation and Parole Commission that in connection with any consideration of Henderson’s entitlement to release before the expiration of his sentence, his alleged misconduct before this court should be taken into account. Copies of this opinion will be furnished to those agencies and evidence in our possession will be made available so that appropriate consideration can be given to it.
Petition for contempt order denied without prejudice.
HOBSON and McNULTY, JJ., concur.