360 So.2d 4 (1978)
In re BEFORE the THIRD STATEWIDE GRAND JURY, State of Florida.
John B. MATHES, George Kelley and Vanley Hubbard, Petitioners,
v.
William F. ROBERTS, Sheriff, Pinellas County, Florida, Respondent.
Nos. 78-772 to 78-774.
District Court of Appeal of Florida, Second District.
May 19, 1978.
Rehearing Denied June 12, 1978.
John M. Edman, of Meros, Coit, Edman, Meros & Smith, St. Petersburg, for petitioners.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
Petitioners seek writs of habeas corpus challenging their incarceration by orders of *5 the presiding judge of the Third Statewide Grand Jury. In considering their petitions, we have had the benefit of briefs from all parties involved.
The presiding judge advised petitioners that immunity had been conferred upon them, and directed them to answer questions before the grand jury. They refused and so the judge found them in both civil and criminal contempt, imposing a $500 fine against each petitioner for the criminal contempt and imprisoning them during the grand jury session for their civil contempt. However, the court stated the petitioners could purge themselves of civil contempt by appearing and testifying before the Third Statewide Grand Jury. Petitioners declined to comply with the contempt orders which they contend are illegal.
Two points raised by petitioners merit discussion: First, whether petitioners were granted sufficient immunity to compel their testimony; and second, whether it was beyond the authority of the presiding judge to hold petitioners guilty of both civil and criminal contempt for the same act.
The extent of immunity conferred is apparent from the following colloquy between the court, counsel, and Petitioner Kelley:
MR. MEROS: Yes. We, of course, were not present when the immunity was granted. The immunity that is granted, as I understand it, is transactional immunity for past occurrences and use immunity for past occurrences or prior occurrences, if I may state that.
THE COURT: Which included as I understood from the attorney any perjury.
MR. MEROS: Past perjury. Yes, sir.
THE COURT: Yes, sir. Right. Past perjury. We don't have any present yet.
MR. MEROS: And on that basis, that understanding, Your Honor, I have no objections to Your Honor proceeding with the questioning.
THE COURT: All right. Mr. Kelley, under the law, when immunity is given to you, sir, by the State, which has been done in this case as set forth by the Assistant State Attorney here, you cannot be prosecuted for any crime whatsoever in the past. You cannot be prosecuted by the use of any matter that's brought to you in this courtroom, any testimony that you may have before the Grand Jury. I understand it's complete transactional immunity for testimony.
MR. ATWATER: Any question we ask.
THE COURT: Any transaction, any matter that would be related to your testimony, you cannot be prosecuted for that crime.
The only matter that you could be prosecuted for, if you do testify, that is if you falsely testify, you could be prosecuted for perjury, if you testify falsely, in a false manner before the Grand Jury. Except for that, you will be completely free of any and all crimes whatsoever bearing in any way upon your testimony.
The colloquy which took place between the court, counsel and petitioners Mathes and Hubbard was substantially the same and conferred immunity in terms at least as broad as those outlined above.
As is apparent, the grant of immunity to each petitioner specifically exempted him from any charges arising out of prior criminal conduct including charges of perjury by inconsistent statements. Immunity from prosecution for future perjury (i.e., perjury committed in giving the compelled testimony) was not granted and is not required. See McDonald v. State, 321 So.2d 453 (Fla. 4th DCA 1975). However, petitioners contend that even if they testify truthfully in the future, they fear prosecution for perjury because testimony from other witnesses may be inconsistent with their testimony. This possibility exists in every case and to hold this as a sufficient reason to allow a witness to refuse to testify would effectively bar the state from ever compelling testimony. This we refuse to do. We hold the grant of immunity was sufficient.
*6 The imposition of both criminal and civil contempt was authorized in this case. In making this determination, we must look to the purpose for which the contempt orders were directed. The purpose of the criminal contempt was to punish refusal to obey a direct order of the presiding judge. The purpose of the civil contempt was to coerce petitioners to testify after being granted sufficient immunity. As recognized in In re Tierney, 328 So.2d 40 (Fla. 4th DCA 1976), civil and criminal penalties for the same acts of contempt are permissible given the distinct purposes involved. We think both contempt adjudications were appropriate here.
The point raised relating to bail on appeal is moot in light of our disposition, and the remaining points are without merit.
Accordingly, we deny the petitions for writs of habeas corpus.
BOARDMAN, C.J., and SCHEB and DANAHY, JJ., concur.