402 So.2d 599 (1981)
William Henry YARBRO, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 80-2186.
District Court of Appeal of Florida, Second District.
August 26, 1981.
*600 Jerry Hill, Public Defender and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant, defendant below, appeals from the order adjudicating him guilty of perjury in an official proceeding and argues that the trial court erred in denying his motion to dismiss the information on double jeopardy grounds.
On May 13, 1980, an order was entered in a dissolution of marriage proceeding finding appellant to be in contempt of court "for willful and deliberate perjury" in the presence of the court. The order recited that Mr. Yarbro filed a false petition for dissolution of marriage and also falsely testified before the court, by asserting there were no children born of the marriage and that none were expected. In fact, the court found there were two children born as a result of the marriage between Mr. Yarbro and his wife. Pursuant to the contempt order, appellant served 179 days in jail.
Thereafter, on July 1, 1980, the state filed an information charging appellant with perjury in an official proceeding for the same false statements he made during the dissolution of marriage proceedings. Appellant pled not guilty and timely filed a motion to dismiss the information, alleging a violation of the prohibition against double jeopardy. After hearing argument from counsel, the trial court denied the motion on the ground that contempt and perjury are two separate offenses.
Appellant changed his plea to nolo contendere, reserving the right to appeal the denial of his motion to dismiss. The trial court adjudicated him guilty of perjury and sentenced him to five years' imprisonment. We reverse.
Constitutional safeguards under the Double Jeopardy Clause of the fifth amendment were made applicable to the states in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). See Art. I, § 9, Fla. Const. Protection from subsequent prosecution after a previous acquittal or conviction for the same offense is available only in criminal cases and in some juvenile proceedings. In re Tierney, 328 So.2d 40, 45-46 (Fla. 4th DCA 1976). See also Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). Contempt is criminal when the purpose of the punishment is punitive and in vindication of the court's authority. Deter v. Deter, 353 So.2d 614, 616-17 (Fla. 4th DCA 1977). See Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968). The Florida Supreme Court has held that criminal contempt is a crime. Aaron v. State, 284 So.2d 673 (Fla. 1973).
The Supreme Court has recently addressed the issue of double jeopardy in Illinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). Vitale was charged with violating an Illinois statute by failing to reduce speed "to avoid colliding with any person or vehicle" when the car he was driving struck and killed two small children. Id. at 411-412, 100 S.Ct. at 2262-63, 65 L.Ed.2d at 233. After he was convicted and sentenced for the traffic offense, Vitale was charged with two counts of involuntary manslaughter for the same incident. The Supreme Court reaffirmed the application of the Blockburger test which determines that there are two offenses instead of one if each statutory provision requires proof of a fact which the other does not. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). See Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). The majority in Vitale deferred to the Illinois Supreme Court in the latter court's determination that manslaughter by automobile need not necessarily involve any element of failing to reduce speed. However, the Vitale court concluded with the caveat:

*601 [I]f in the pending manslaughter prosecution Illinois relies on and proves a failure to slow to avoid an accident as the reckless act necessary to prove manslaughter, Vitale would have a substantial claim of double jeopardy under the Fifth and Fourteenth Amendments of the United States Constitution.
447 U.S. at 421, 100 S.Ct. at 2267, 65 L.Ed.2d at 238.
It was argued to the trial court here that the Florida Supreme Court has stated that punishment of conduct as contempt of court does not necessarily bar prosecution for the substantive offense which also constituted the contempt. In Wilson v. State, 122 Fla. 54, 58-59, 164 So. 846, 847 (1935), the court stated:
It is too well settled to require any citation of authorities here that the punishment of conduct as a contempt of court will not bar the criminal prosecution of the accused for the substantive offense committed by such conduct. In fact, the plaintiff in error does not contend to the contrary.
It is regrettable that the supreme court did not choose to cite its authority because our research has failed to find any to support the purported rule. However, since the court itself states double jeopardy was not an issue raised by the plaintiff in error there, the statement is dictum, and we are not bound by it. Based on all of the foregoing, prosecution of both contempt and the substantive offense underlying the contempt need not violate the prohibition against double jeopardy if conviction for one of the offenses requires proof of a fact which the other does not. 432 U.S. at 166, 97 S.Ct. at 2226, 53 L.Ed.2d at 194.
In order to have proven perjury in the instant case, the state would have had to show that appellant made a false statement under oath in an official proceeding which he did not believe to be true and which was material to the proceeding. § 837.02, Fla. Stat. (1979). The facts which constituted the criminal contempt were identical to those that would have been necessary to prove the perjury. See Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977); Fla.R.Crim.P. 3.830. Therefore, appellant was twice placed in jeopardy in violation of both the United States and Florida Constitutions.
Other Florida decisions have implied that the potential for double jeopardy exists in cases of criminal contempt. In re Tierney, 328 So.2d 40 (Fla. 4th DCA 1976), was an appeal from multiple charges of civil contempt for failure to answer questions propounded by a grand jury. Distinguishing civil from criminal contempt, the court in Tierney noted: "[U]nless the adjudications of contempt can be denominated as `criminal' as distinguished from `civil' we need not consider the applicability of the constitutional prohibition against double jeopardy." Id. at 45-46. Cf. In re Before the Third Statewide Grand Jury, 360 So.2d 4, 6 (Fla. 2d DCA 1978) ("[C]ivil and criminal penalties for the same acts of contempt are permissible given the distinct purposes involved.")
Additionally, this court has implied that criminal contempt should remain an alternative to the substantive offense in certain situations. E.g., Henderson v. Wainwright, 300 So.2d 274 (Fla. 2d DCA 1974). After his conviction for rape, Henderson submitted a forged letter, purportedly from his trial attorney, and argued that he was eligible for a delayed appeal. Recognizing the forgery, this court chose to forego contempt proceedings against Henderson, and in lieu of punishment for contempt, advised the state attorney of the perjury that had taken place. In Parham v. Kohler, 134 So.2d 274 (Fla. 3d DCA 1961), the court also speaks of "alternatives" saying:
However, the law has provided the courts with definite alternatives when, as in the case at bar, they clearly establish that perjured testimony has been given. Among other things, the court may cite the person for contempt, direct that the record be sent to the State Attorney's office for investigation or, in proper cases, strike the pleading or testimony which has clearly been shown to be sham.
Id. at 276.
We therefore hold that appellant has been improperly charged and convicted for *602 perjury since he has already been convicted and served a sentence for a criminal contempt which was based on the same facts, recognizing that the double jeopardy guarantee protects against multiple punishment for the same criminal offense. Illinois v. Vitale.
Therefore, we reverse appellant's judgment and sentence.
BOARDMAN, Acting C.J., and RYDER, J., concur.