449 So.2d 1319 (1984)
Richard Elliott HOPE, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2492.
District Court of Appeal of Florida, Second District.
April 11, 1984.
Rehearing Denied May 16, 1984.
*1320 Bennie Lazzara, Jr., of Bennie Lazzara, Jr., P.A., Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Ann Garrison Paschall, Asst. Atty. Gen., for appellee.
LEHAN, Judge.
Defendant appeals his judgment of conviction and sentence for criminal contempt. We affirm.
In its judgment the trial court found, inter alia, that the defendant refused to testify before a grand jury despite having been granted use immunity, having been ordered by the court to testify, and having been given the opportunity to exit the grand jury room and consult with, and having consulted with, his attorney. Similar conduct has been found to be contemptuous. See In re Before Third Statewide Grand Jury, 360 So.2d 4 (Fla. 2d DCA 1978).
Defendant argues that the trial court erred in denying defendant's motion for recusal of the trial judge. The record does not support defendant's contention that the trial judge improperly prejudged the case and was prejudiced against defendant. Defendant did not demonstrate that he had a "well grounded fear that he [would] not receive a fair trial at the hands of the judge." Livingston v. State, 441 So.2d 1083, 1087 (Fla. 1983), quoting State ex rel. Brown v. Dewell, 131 Fla. 566, 573, 179 So. 695, 697 (1938). See Hope v. State, 449 So.2d 1315 (Fla. 2d DCA 1984), which involved similar proceedings against the father of the defendant in this case and similar contentions concerning the denial of a motion to recuse the trial judge.
Defendant also argues that his refusal to testify was grounded upon a privilege of a son not to testify against his father. Defendant refused to answer only those questions dealing with the activities of his father. However, defendant conceded that he consulted with his attorney prior to his refusal to testify. Accordingly, defendant should have been, and presumably was, aware that no such son-father privilege has been recognized in Florida. Despite defendant's cogent arguments for such a privilege, we are not persuaded that justice would be best served thereby.
As defendant argues, the great value of a son-father relationship has been recognized through the ages. However, the legislature has not created a son-father privilege. See §§ 90.501-90.506, Fla. Stat. (1983). Also, aside from the pros and cons of an asserted son-father privilege, no justifiable reason to favor the son-father relationship over certain other family relationships has been shown nor has a proper rationale in our view been shown to extend a privilege to those other family relationships. In the final analysis, the benefits of a family relationship has concomitant burdens, one of which the defendant bore in this case. Under the circumstances of this case defendant's reliance upon a nonexistent privilege is insufficient to support his disclaimer of intent to be contemptuous. See Ward v. State, 354 So.2d 438 (Fla. 3d DCA 1978).
AFFIRMED.
GRIMES, A.C.J., and CAMPBELL, J., concur.