DAUKSCH, Judge.
This is an appeal from an order revoking probation. Both the defendant and the state have appealed and the issue is whether the state attorney has the authority to refuse to represent the state’s interest at a probation violation hearing.
Appellant appeared before the court after an affidavit had been filed by her probation officer alleging she had violated conditions of her probation. At the onset of the hearing to determine whether she had violated her probation the assistant state attorney, for no reason shown in the record, declared “Pursuant to Article 5, Section 17 of the State Constitution and Florida Statute Chapter 27, the State enters a nol-pros as to the charge of violation of probation.”
We have reviewed the constitutional and statutory provisions mentioned and have considered the arguments in the brief as to why we should allow a state attorney to refuse to represent the state at a probation violation hearing and remain as unpersuaded as was the trial judge. For some reason the state attorney, and to á much lesser degree, the attorney general, feel a probation violation hearing is a prosecution for a crime. It is not; it is a violation of a court order hearing. The prosecution ended when the accused was found guilty and placed on probation by court order.
Section 27.02, Florida Statutes (1983) provides:
Duties before Court: The state attorney shall appear in the circuit and county courts within his judicial circuit and prosecute or defend on behalf of the state all suits, applications, or motions, civil or criminal, in which the state is a party, except as provided in chapters 39 and 959. The intake procedures of chapter 39 and 959 shall apply as provided in those chapters.
Once the state completes its prosecution and the court either adjudicates the defend *944 ant guilty or places her on probation without an adjudication of guilt the executive authority of the state, the state attorney, loses control over the matter. Of course the executive branch of government retains its pardon and parole jurisdiction, but that is not in the hands of the state’s attorneys, and those matters do not involve court proceedings.
Because the state is a party where probation violation matters are concerned and because the court hearing involves the taking of testimony and presentation of other evidence, it is clear the state attorney is the right one to represent the state’s interests and present the evidence at the hearing. It is essential that court orders be complied with, especially by those who have violated the law and are given the grace of probation, and it is equally important that the state attorney, the person charged by the citizens to represent their best interests, do his best to see to it that violators of court orders are brought to justice.
The orders of the trial court are affirmed.
AFFIRMED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.