532 So.2d 1114 (1988)
STATE of Florida, Appellant,
v.
Fritz William NEWELL, Appellee.
No. 87-3471.
District Court of Appeal of Florida, Second District.
October 19, 1988.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellant.
Pamela Cole Bell of John D. Fernandez, P.A., Clearwater, for appellee.
DANAHY, Judge.
In this appeal the state contends that the trial court erred in dismissing an information filed against the appellee charging him with criminal mischief. The trial court dismissed the information on the grounds of former jeopardy. We disagree with the trial court and find that the filing of the information did not violate the constitutional protections against former jeopardy contained in the fifth amendment to the United States Constitution and article I, section 9 of the Constitution of the State of Florida. Accordingly, we reverse for reinstatement of the information on the authority of Pompano Horse Club, Inc. v. State ex rel. Bryan, 93 Fla. 415, 111 So. 801 (1927), which is supported by Jurney v. MacCracken, 294 U.S. 125, 55 S.Ct. 375, 79 L.Ed. 802 (1935). In so doing, we recede from Yarbro v. State, 402 So.2d 599 (Fla. 2d DCA 1981).
The events and proceedings leading to this appeal are briefly summarized as follows. On July 2, 1987, during the pendency of divorce proceedings between the appellee and his wife, the court entered an order prohibiting the appellee from harassing his wife either directly or indirectly. On July 6, he appeared at his wife's residence and poured acid on her car. For the acts of appearing at his wife's residence and damaging her car, he was held in contempt of court and served the sentence which the court imposed thereon, thirty days in the county jail. Later, on September 16, 1987, an information was filed charging the appellee with criminal mischief based upon the act of pouring acid on his wife's car on July 6. The appellee moved to dismiss, contending that the information violated his double jeopardy protections since he had previously been convicted and served a sentence for contempt of court for the very same act. The court thereupon dismissed the information and the state appealed.
The appellee urges us to affirm based on this court's holding in Yarbro. In Yarbro, a criminal prosecution for perjury in official proceedings was held to violate the defendant's double jeopardy rights when he had been previously punished for the same act of perjury by contempt of court. We have carefully considered the cases of Pompano Horse Club and Jurney v. MacCracken and have determined that we must recede from Yarbro.
In Pompano Horse Club, the defendants were under a temporary injunction to cease *1115 and desist from running a horse race betting establishment. The Florida Supreme Court held that they were not exposed to double jeopardy. The court reasoned that even though they might be in contempt should they disobey the injunction, they could also be found guilty of violating the anti-gambling laws of the state. The court stated:
It is true that if appellants commit the act which is enjoined, and such act be also a violation of the penal laws of the state, appellants may be punished, under the statutes, for the contempt and also for the violation of the criminal law. But these are not the "same offense." In the former case, he is punished for a violation of the orders of the court, and in the latter for an offense "against the peace and dignity of the state." One who makes an assault in the presence of the court in such a manner as to constitute a contempt of court is punishable not only for the contempt but also for the assault.
Pompano Horse Club, 111 So. at 808.
Jurney v. MacCracken involved a contempt of Congress rather than a contempt of court. There the defendant claimed he could not be punished for contempt of Congress since his act was also a violation of the penal statutes making it a misdemeanor to refuse to answer or to produce papers before either House, or one of its committees. The United States Supreme Court disagreed with his claim stating that he surely could be so punished since "[p]unishment, purely as such, through contempt proceedings, legislative or judicial, is not precluded because punishment may also be inflicted for the same act as a statutory offense." Id., 294 U.S. at 151, 55 S.Ct. at 380, 79 L.Ed. at 808.
The appellee's situation is the same as the defendants' in Pompano Horse Club and parallel to the respondent's in Jurney v. MacCracken. Although Yarbro did not contain an extant court order (in that case, not to commit perjury before the court), the case before us did contain an order of the court requiring the appellee not to harass his wife. We find this distinction immaterial. The appellee in the case before us violated the court's order and, therefore, upon the necessary proof, may be punished for the contempt as well as the violation of the criminal statutes that his act constituted.
Courts must be able to enforce obedience to and respect for their orders to protect the integrity of the judicial process. This authority cannot be impaired and its purpose is wholly different from a criminal prosecution which seeks to punish public offenses. See Ivey v. State, 26 Okla. Cr. 184, 223 P. 401 (1924); Annotation, Contempt Finding as Precluding Substantive Criminal Charges Relating to Same Transaction, 26 A.L.R.4th 950. In Yarbro we mistakenly and unnecessarily applied the test in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Blockburger is only to be applied in cases where the court is called upon to determine ambiguous legislative intent between competing criminal statutes.
To summarize, we recede from Yarbro, the order is reversed, and the case is remanded for reinstatement of the information and for further proceedings consistent herewith.
REVERSED AND REMANDED.
CAMPBELL, C.J., and SCHEB, RYDER, SCHOONOVER, LEHAN, FRANK, HALL, THREADGILL and PARKER, JJ., concur.