602 So.2d 554 (1992)
STATE of Florida, Appellant,
v.
Sally J. WOODLAND, Appellee.
No. 91-2083.
District Court of Appeal of Florida, Fourth District.
March 25, 1992.
*555 Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellant.
Louise A.D. Jones of Daves and Jones, West Palm Beach, for appellee.

ON MOTION TO CORRECT CLERICAL ERROR
PER CURIAM.
We grant appellee's motion to correct clerical error and substitute the following opinion in place of the opinion issued on January 8, 1992.
The state appeals an order dismissing a rule to show cause entered by the trial court. We affirm.
Appellee was charged by amended information with one count of vehicular homicide (Count IV), one count of DUI manslaughter (Count V) and one count of felony driving under the influence causing serious bodily injury (Count VI). Appellee entered a negotiated plea of guilty to the lesser offense of felony driving under the influence causing serious bodily injury under Count V with the state nolle prossing Counts IV and VI. In exchange for her plea, appellee was sentenced to five years probation with a special condition that she serve one year incarceration in the county jail. Appellee was required to surrender herself at the county jail on September 1, 1988.
Appellee failed to appear at the county jail on September 1, 1988 and, as a result, the state filed an affidavit of violation of probation the next day. After an extensive manhunt, appellee was extradited from Puerto Vallarta, Mexico on April 13, 1991. On June 13, 1991, the state filed a petition for rule of show cause why appellee "should not be held in contempt of court for willfully and contemptuously disobeying a direct court order," which appellee moved to dismiss.
The trial court granted appellee's motion and found that "the prosecution of a charge of violation of probation and a charge of contempt would, under the circumstances of this case, subject [appellee] to double jeopardy as contemplated by the Federal and State constitution[s]." We agree.
State v. Newell, 532 So.2d 1114 (Fla. 2d DCA 1988), upon which the state relies, can be distinguished from the instant case on two grounds. First, the underlying offense in the instant case (violation of probation) is not an offense against the peace and dignity of the state. A probation violation hearing is not a prosecution for a crime; it is a violation of a court order hearing. Carwise v. State, 449 So.2d 943 (Fla. 5th DCA 1984). Although "the punishment of conduct as contempt of *556 court will not bar the criminal prosecution of the accused for the substantive offense committed by such conduct," Wilson v. State, 122 Fla. 54, 164 So. 846, 847 (1935), both the criminal contempt and the violation of probation solely are based upon appellee's violation of the same court order. The violation of the probation order did not, by itself, constitute a separate substantive crime.
Second, applying the principles set forth in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the two offenses clearly are the same. The supreme court has held that the Blockburger test applies "in the absence of any clearly discernible legislative intent." Carawan v. State, 515 So.2d 161, 165 (Fla. 1987). The issue before the Carawan court was "whether, and under what circumstances, a defendant may be convicted of multiple criminal offenses based on a single act." Id. at 162. Therefore, whenever a criminal defendant is potentially subjected to multiple convictions for a single act, which is precisely the situation in the instant case, Blockburger applies.
Neither the statute defining contempt, section 38.23, Florida Statutes (1989), nor the section setting forth the permissible punishment for violation of probation, section 948.06, Florida Statutes (1989), gives any indication as to whether the legislature intended punishment for both when the two charges are premised upon the same act. In the absence of clear legislative intent, this court should begin its analysis by assuming that the legislative branch ordinarily does not intend to punish for the same offense under two different statutes. Id. at 167. Next, the court must apply the Blockburger test and "determine whether each offense as defined in the statute requires proof of a fact that the other does not, without regard to the accusatory pleadings of proof adduced at trial." Id.
In the instant case, it is beyond dispute that each offense does not require proof of a fact that the other does not. Contempt of court merely requires proof that the defendant disobeyed any legal order or decree; therefore, it clearly is subsumed by violation of probation which requires only that the defendant violate the terms of court ordered probation. Accordingly, "the offenses are presumed to be the same, and multiple punishments are improper in the absence of express legislative authorization." Id.
GLICKSTEIN, C.J., STONE and FARMER, JJ., concur.