MOORE, CECELIA M., Associate Judge.
The trial court heard evidence showing that an altercation the appellant took part in resulted in personal injury and property damage to the victim. The trial court found the appellant guilty of the charges of battery and criminal mischief but withheld adjudication. ' At a restitution and sentencing hearing the trial court held the appellant and her mother jointly and severally hable for the victim’s monetary damages and placed the appellant on community control. The appellant contends that the order of restitution is flawed in several respects, that a special condition of probation orally pronounced at the sentencing hearing violates her constitutional right not to incriminate herself, and that the community control cannot be for an indeterminate duration. We affirm in part and reverse in part.
We find there was sufficient evidence to support the amount of restitution ordered, and we affirm as to that issue; The trial court did err, however, by ordering the appellant and her mother to pay the restitution without making a determination of either’s ability to do so. See C.D.D. v. State, 684 So.2d 866, 867 (Fla. 2d DCA 1996). On remand the trial court must make this determination.
The special condition of community control announced by the trial, court at the sentencing hearing does not violate any constitutional right of the appellant. See Lopez v. State, 349 So.2d 1198 (Fla. 2d DCA 1977) (disclosure must present reasonable grounds for real danger of criminal prosecution); Cassamassima v. State, 657 So.2d 906 (Fla. 5th DCA 1995) (witness may only refuse to answer if truthful answer would expose him to prosecution for crime different from one of which he was already convicted); see also State v. Woodland, 602 So.2d 554 (Fla. 4th DCA 1992) (violation of probation order does not, by itself, constitute separate substantive crime); Carwise v. State, 449 So.2d 943 (Fla. 5th DCA 1984) (probation violation hearing is *110 not prosecution for a crime but for a violation of court order). We, therefore, affirm the order of community control.
Finally, we agree with the appellant, and the State concedes the error, that the community control may not be for an indefinite period. C.D.D., 684 So.2d at 867-68. Therefore, on remand the trial court should specify that the period of supervision shall not exceed the appellant’s 19th birthday.
Affirmed in part, reversed in part, and remanded for further proceedings.
PATTERSON, A.C.J., and BLUE, J., concur.