NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOHN MARK MARINO,                      )
                                       )
            Petitioner,                )
                                       )
v.                                     )      Case No. 2D15-582
                                       )
STATE OF FLORIDA,                      )
                                       )
            Respondent.                )
                                       )
_____)

Opinion filed May 27, 2015.

Petition for Writ of Prohibition to the Circuit
Court for Highlands County; Peter F.
Estrada, Judge.

Ita M. Neymotin, Regional Counsel, Second
District, and Shirley J. Whitsitt, Assistant
Regional Counsel, Office of Criminal Conflict
and Civil Regional Counsel, Sebring, for
Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Donna S. Koch, Assistant
Attorney General, Tampa, for Respondent.


PER CURIAM.

            This matter is before the court on John Mark Marino's petition for writ of

prohibition seeking to preclude the circuit court from prosecuting Marino on two counts

of unauthorized practice of law. Marino claims that because the circuit court initiated a direct criminal contempt proceeding against him based on the same facts that give rise to the unauthorized practice of law charges, his prosecution on those charges results in a double jeopardy violation.

Although the circuit court did not expressly announce that it was proceeding under Florida Rule of Criminal Procedure 3.830 when it began the contempt proceeding, the hearing was clearly a direct (summary) contempt proceeding. Marino does not contend otherwise. Jeopardy does not attach in direct criminal contempt proceedings. See Wilson v. State, 164 So. 846, 847 (Fla. 1935) ("It is too well settled to require any citation of authorities here that the punishment of conduct as a contempt of court will not bar the criminal prosecution of the accused for the substantive offense committed by such conduct."); cf. United States v. Dixon, 509 U.S. 688, 697 n.1 (1993) ("We have not held, and do not mean by this example to decide, that the double jeopardy guarantee applies to [summary contempt] proceedings."); Richardson v. Lewis, 639 So. 2d 1098, 1099 (Fla. 2d DCA 1994) (stating that the protection against double jeopardy "applies in nonsummary criminal contempt prosecutions").

The petition for writ of prohibition is denied.


ALTENBERND, BLACK, and LUCAS, JJ., Concur.