396 So.2d 1153 (1981)
Bruce A. WORLEY and Stanley Worley, Appellants,
v.
STATE of Florida, Appellee.
Nos. 80-1010, 80-1011.
District Court of Appeal of Florida, Second District.
March 11, 1981.
Rehearing Denied April 21, 1981.
*1154 Jerry Hill, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Bartow, for appellants.
Jim Smith, Atty. Gen., Tallahassee and Charles Corces, Jr., Asst. Atty. Gen., for appellee.
RYDER, Judge.
Stanley Worley was charged and convicted in circuit court of battery upon a law enforcement officer and petit theft. By stipulation of the parties, Stanley's brother, Bruce, was also tried at the same time. However, Bruce was only charged with the crime of assaulting a law enforcement officer, a misdemeanor. Bruce was also convicted as charged. Their appeals have been consolidated for consideration by this court.
Stanley Worley maintains that his conviction for petit theft must be reversed. He contends that the court erred in failing to instruct the jury that an essential element of petit theft is the intent to permanently deprive the owner of the property. However, the error, if any, was not preserved for appeal. To assign as error the giving or failure to give an instruction, a defendant must object to the instruction and state the grounds for his objection. Fla.R.Crim.P. 3.390. The record does not reveal any objection to the failure to instruct the jury on the intent to permanently deprive. Therefore, Stanley Worley's conviction and sentence is affirmed.
Bruce Worley argues that the circuit court was without jurisdiction to try him on the misdemeanor charge. We agree.
The county court has jurisdiction in all misdemeanor cases not cognizable in the circuit court. Section 34.01, Florida Statutes (1979). Section 26.012(2)(d), Florida Statutes (1979), gives the circuit court original exclusive jurisdiction of "all misdemeanors arising out of the same circumstances as a felony which is also charged." The State's argument that the circuit court had jurisdiction in the instant case because the misdemeanor charge against Bruce Worley "arose out of the same circumstances" as the felony charge against Stanley Worley is unpersuasive. Although we have been unable to find any case addressing the question, we construe section 26.012(2)(d), to mean that the circuit court has jurisdiction over a misdemeanor only when the misdemeanor and the felony arising out of the same circumstances are committed by the same person.
The State's argument that jurisdiction was conferred on the circuit court by defense counsel's stipulation is without merit. The law is well settled that jurisdiction cannot be conferred by consent. Sclafani v. County of Dade, 323 So.2d 675 (Fla. 3d DCA 1975).
Accordingly, Bruce Worley's conviction is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.
SCHEB, C.J., and HOBSON, J., concur.