426 So.2d 12 (1982)
STATE of Florida, Petitioner,
v.
Nathaniel KING, Respondent.
No. 60857.
Supreme Court of Florida.
December 22, 1982.
Rehearing Denied February 16, 1983.
Jim Smith, Atty. Gen., and Laura R. Morrison and Sharon Lee Stedman, Asst. Attys. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender, and Jon May and Gary Caldwell, Asst. Public Defenders, Fifteenth Judicial Circuit West Palm Beach, for respondent.
BOYD, Justice.
This cause is before the Court on the state's petition for review of a decision of the district court of appeal. King v. State, 425 So.2d 1379 (Fla. 4th DCA 1981). The district court certified as a question of great public importance the following:
MAY A JUVENILE WHO IS SUBJECT TO THE DIRECT FILING OF AN INFORMATION AGAINST HIM FOR A CRIME NOT PUNISHABLE BY DEATH OR LIFE IMPRISONMENT ALSO BE SUBJECTED TO THE PRESENTMENT OF AN INDICTMENT AGAINST HIM FOR LIKE CRIMES?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question in the negative, finding that the provisions of chapter 39, part II, Florida Statutes (1981), Florida's Juvenile Justice Act, enacted under the express authorization of article I, section 15(b), Florida Constitution, give individuals of a certain age group the statutory right to be treated as juveniles with *13 certain limited exceptions. The legislature, in chapter 39, has restricted grand juries to indictment of juveniles only for those crimes punishable by death or life imprisonment or connected with a crime punishable by death or life imprisonment. Other crimes are clearly not included.
The relevant facts in the instant case are as follows. An indictment was returned by the grand jury charging respondent, Nathaniel King, with robbery and aggravated assault, crimes which respondent allegedly committed when he was seventeen years old. Respondent did not attack the indictment in the trial court. After being tried as an adult and convicted by a jury, respondent appealed his conviction to the district court of appeal, asserting for the first time that, because he was a juvenile, he could not be charged by indictment and tried as an adult under the provisions of chapter 39. The district court agreed, holding that the indictment was not proper because the crimes charged were not punishable by death or life imprisonment. The district court reversed the conviction and directed the trial court to dismiss the indictment without prejudice to allow the state attorney to proceed as required by chapter 39. Although we agree with the district court that an indictment is not the proper method of charging a juvenile with a crime not punishable by death or life imprisonment, we reverse the district court's decision since in this case respondent waived his right not to be charged by an indictment.
The state, citing this Court's decision in State ex rel. Latour v. Stone, 135 Fla. 816, 185 So. 729 (1939), seeks disapproval of the district court decision, asserting that an indictment may properly be used to charge any person with any crime for which an information may be filed. The state contends that the state attorney should be able to charge a juvenile offender by indictment whenever the juvenile could be charged by the filing of an information as permitted under chapter 39. We disagree, concluding that this argument is contrary to the clear legislative intent in chapter 39.
Our constitution, in article I, section 15(b), gives the legislature the authority to provide for the special treatment of juvenile offenders:
When authorized by law, a child as therein defined may be charged with a violation of law as an act of delinquency instead of crime and tried without a jury or other requirements applicable to criminal cases. Any child so charged shall, upon demand made as provided by law before a trial in a juvenile proceeding, be tried in an appropriate court as an adult. A child found delinquent shall be disciplined as provided by law.
This section has been interpreted as conferring upon a child the right to be treated as a juvenile offender in the manner provided by statute. State v. Cain, 381 So.2d 1361 (Fla. 1980).
In chapter 39, the legislature has delineated four circumstances in which a juvenile may be tried as an adult and exposed to more severe adult criminal penalties. First, the child, joined by a parent or guardian, may demand trial as an adult. § 39.02(5)(b), Fla. Stat. (1981). Second, the judge responsible for juvenile proceedings may certify a case for adult trial if the child was at least fourteen years old when he or she committed the offense, but only after the court has conducted a waiver hearing and has considered the appropriateness of adult trial according to the criteria in section 39.09(2)(c), Florida Statutes (1981). § 39.02(5)(a), Fla. Stat. (1981). Third, the state attorney may file an information against a child who was sixteen or seventeen years old at the time of the alleged offense and may criminally prosecute the child and seek the imposition of adult sanctions should the child be convicted. § 39.04(2)(e)4, Fla. Stat. (1981). In this circumstance, if the violation charged is a misdemeanor,[1] the child shall be treated as a juvenile if the child *14 moves for such treatment and is able to show he has not previously committed two delinquent acts, one of which was a felony. Id. Fourth, a child may be indicted by a grand jury for any crime punishable by death or life imprisonment and any other violation which is based on the same transaction or connected with the offense punishable by death or life imprisonment. § 39.02(5)(c), Fla. Stat. (1981).[2] When so charged, the juvenile shall be tried and treated as an adult. Id.
The legislature, in granting to children the right to be treated differently from adults, has expressly provided that children may be tried as adults and exposed to adult sanctions in the circumstances delineated above. From our review of chapter 39, we can find no indication that the legislature intended to allow the indictment of a sixteen- or seventeen-year-old juvenile as an alternative to the filing of a direct information. The provisions of section 39.04(2)(e)5, Florida Statutes (1981), allowing the state attorney to refer the case of a juvenile to a grand jury, must be read together with section 39.02(5)(c), which limits the crimes for which a juvenile may be indicted by the grand jury to capital or life felonies and, since October, 1981, to connected offenses.
Thus we hold that a juvenile charged with an offense not punishable by death or life imprisonment has a right not to be charged by an indictment. However, this right, as with all other rights, may be waived if not asserted in a timely and proper fashion. The second issue raised by the state in this case is whether a juvenile must assert his right not to be tried by an indictment at the trial level or whether he can assert that right for the first time on appeal. The answer to this question depends on whether the error committed is a fundamental error affecting the court's jurisdiction thereby rendering its judgment void.
This Court has long recognized a distinction between judgments that are void and those that are voidable. Objections to a void judgment can be raised at any time, whereas objections to a voidable judgment must be timely made. Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926). "If the court has acquired jurisdiction of the subject-matter and of the parties, the judgment or decree entered is binding, even though erroneous because of irregularity of procedure, and such judgment or decree will not be set aside, reversed, or modified, except by appropriate direct appellate procedure." 91 Fla. at 720, 109 So. at 682. If a court has jurisdiction of the subject matter and of the parties, the proceeding is not a nullity and the judgment is not void.
In this case the trial court had jurisdiction of the subject matter and of the parties. It had jurisdiction of the subject matter because it is a circuit court which has jurisdiction of all felonies. § 26.012(2)(d), Fla. Stat. (1981). As for any objections King may have had as to the court's jurisdiction over his person, he waived them by appearing in person and defending his case. Haddock v. State, 129 Fla. 701, 176 So. 782 (1937); Tillman v. State, 58 Fla. 113, 50 So. 675 (1909).
The situation in Haddock is quite analogous to the one in this case. In Haddock the defendant appealed his conviction entered by the criminal court of record, complaining that the court lacked jurisdiction because the statutory procedures for transferring his case from the circuit court to the criminal court of record were not properly followed. This Court affirmed the conviction, noting that the defendant had waived any right to question the criminal court of record's jurisdiction by appearing before the court and defending his case without objecting to the court's jurisdiction until after judgment. Similarly, respondent waived any objections he may have had about his case not being transferred properly *15 to the criminal division of the circuit court by the filing of the information. Cf. State v. Goodson, 403 So.2d 1337 (Fla. 1981) (the filing of an information acts as a transfer to the criminal division for purposes of invoking section 958.04(1)(a) of the Youthful Offender Act).
There is good reason for requiring defendants to register their objections with the trial court. A defendant should not be allowed to subject himself to a court's jurisdiction and defend his case in hope of an acquittal and then, if convicted, challenge the court's jurisdiction on the basis of a defect that could have been easily remedied if it had been brought to the court's attention earlier. Neither the common law nor our statutes favor allowing a defendant to use the resources of the court and then wait until the last minute to unravel the whole proceeding. Sawyer v. State, 94 Fla. 60, 113 So. 736 (1927). In this case, if the court had realized that respondent had been improperly charged by an indictment, the defect could have been remedied quite easily by the filing of an information under section 39.04(2)(e)4, or the transfer of the case to the juvenile division.
We therefore quash the decision of the district court of appeal and remand with instructions that the trial court's final judgment be reinstated.
It is so ordered.
ALDERMAN, C.J., and ADKINS and EHRLICH, JJ., concur.
McDONALD, J., concurs in part and dissents with an opinion.
OVERTON, J., dissents with an opinion.
McDONALD, Justice, concurring in part/dissenting in part.
I concur in the opinion insofar as it addresses the issue of waiver and that King's conviction was proper. I disagree with the conclusion that a juvenile cannot be tried as an adult upon an indictment.
I would hold that an indictment, concurred in by the state attorney, has the same effect as an information filed by the state attorney for the purpose of proceeding in the adult division of the circuit court. The state attorney shall prepare grand jury indictments. § 27.03, Fla. Stat. (1979). He signed the indictment in this cause and prosecuted under it. It had the same essential allegations that an information would have and clearly demonstrated the exercise of the state attorney's discretion to try the defendant as an adult. This prosecution was clearly within the contemplation of, and authorized by, the legislature when it enacted section 39.04(2)(e)4, Florida Statutes.
OVERTON, Justice, dissenting.
I find I must dissent because under the law this silent record cannot support a finding that the petitioner waived his substantive right to be treated as a juvenile.
Although, in my view, the petitioner was not prejudiced and should not be entitled to a second bite of the apple, the decisions of the United States Supreme Court are very clear that any waiver of a substantive right must be intelligently and knowingly made, and a waiver will not be presumed from a silent record or from the failure of counsel to act. See Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977); Boyd v. Dutton, 405 U.S. 1, 92 S.Ct. 759, 30 L.Ed.2d 755 (1972); Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Lack of prejudice is not a controlling factor and, under the principles set forth in these cases, there was no valid waiver in the instant case.
I fully agree with the law as stated by the majority concerning the existence of the substantive right of children to be treated differently from adults, as authorized by article I, section 15(b), Florida Constitution, and as implemented by chapter 39, Florida Statutes (1981). I also agree that petitioner could have been charged as an adult by information under section 39.04(2)(e)(4), Florida Statutes (1981), and that, under those circumstances, adult treatment and sentence could validly have *16 been imposed. But a juvenile charged by information is provided an opportunity, by section 39.04(2)(e)(4), to receive treatment as a child. This is not the case when a juvenile is charged by indictment since there is no statutory authorization for this type of sentencing process.
Although I believe that the result reached by the majority is just, I must conclude there was no constitutionally valid waiver of this substantive right, and the law, as it now exists, requires a reversal.
NOTES
[1] The limitation on a motion for juvenile treatment to cases where a misdemeanor is charged was added by chapter 81-218, section 6, Laws of Florida, and became effective July 1, 1981. Prior to this amendment of section 39.04(2)(e)4, a child charged under that section's provisions with any criminal offense could move for treatment as a juvenile.
[2] Chapter 81-269, section 1, Laws of Florida, amended section 39.02(5)(c), effective October 1, 1981, to allow the inclusion of connected offenses in the indictment charging a juvenile with a capital or life felony. This section had previously authorized the use of an indictment only for the capital or life felony. See Robidoux v. Coker, 383 So.2d 719 (Fla. 4th DCA 1980).