ALDERMAN, Chief Justice.
We review the decision of the District Court of Appeal, Fourth District, in Fitzpatrick v. State,- So.2d --(Fla. 4th DCA 1982), which was a companion case to the Fourth District’s case of King v. State, 425 So.2d 1379 (Fla. 4th DCA 1981). In both of these cases, the Fourth District certified the question of whether a juvenile can be indicted for an offense not punishable by death or life imprisonment.
We resolved this question in our recent decision in State v. King, 426 So.2d 12 (Fla. 1982), wherein we held that chapter 39, Florida Statutes (1981), has restricted grand juries to indictment of juveniles only for those crimes punishable by death or life imprisonment or connected with a crime punishable by death or life imprisonment. This Court further held, however, that, although a juvenile charged with an offense *445 not punishable by death or life imprisonment has the right not to be charged by indictment, this right may be waived if not asserted in a timely and proper fashion. This right, we stated, must be asserted at the trial level in order to be considered timely and proper. We held that King waived his right not to be charged by indictment. Any objections he had to the court’s jurisdiction over his- person were waived by appearing in person and defending his case. As a basis for our holding of waiver, we reasoned:
There is good reason for requiring defendants to register their objections with the trial court. A defendant should not be allowed to subject himself to a court’s jurisdiction and defend his case in hope of an acquittal and then, if convicted, challenge the court’s jurisdiction on the basis of a defect that could have been easily remedied if it had been brought to the court’s attention earlier. Neither the common law nor our statutes favor allowing a defendant to use the resources of the court and then wait until the last minute to unravel the whole proceeding. Sawyer v. State, 94 Fla. 60, 113 So. 736 (1927). In this case, if the court had realized that respondent had been improperly charged by an indictment, the defect could have been remedied quite easily by the filing of an information under section 39.04(2)(e)4, or the transfer of the case to the juvenile division.
State v. King, 426 So.2d at 15.
In the present case, Fitzpatrick was fifteen years old at the time of the alleged commission of unarmed robbery and aggravated assault for which he was indicted and tried in adult court. At the trial level, he did not assert this right not to be indicted, and therefore, similarly to King, he waived this right. Under the rationale of King, since Fitzpatrick waived this right, we quash the decision of the Fourth District which reversed on the basis that the trial court lacked jurisdiction to try Fitzpatrick.
Since it reversed on this basis, the Fourth District did not reach the merits of the cause, but it did say that if it were to reach the merits, reversal would be required for the trial court’s failure to instruct the jury on the maximum and minimum penalties for the offenses charged in light of Tascano v. State, 393 So.2d 540 (Fla.1980). We agree with the Fourth District that reversal is mandated by Tascano.
This cause must therefore be remanded to the circuit court for retrial. Fitzpatrick is not precluded from timely and properly raising before trial an objection to again being tried under an indictment. The state attorney may then choose to file a petition for delinquency with a motion to transfer and certify Fitzpatrick pursuant to sections 39.02(5) and 39.09(2), Florida Statutes (1981), for prosecution as an adult. § 39.-04(2)(e)4, Fla.Stat. (1981).* The defect may also be remedied by the transfer of the case to the juvenile division.
Accordingly, the decision of the Fourth District is quashed, and this cause is remanded with directions to reverse the convictions and remand for a new trial on the basis of Tascano.
It is so ordered.
ADKINS, BOYD and EHRLICH, JJ., concur.
McDONALD, J., concurs with an opinion.

 Since Fitzpatrick was age 15 at the time of the commission of the alleged crimes, the State would not have the option of filing an information against him pursuant to section 39.-04(2)(e)4.