675 So.2d 911 (1996)
STATE of Florida, Petitioner,
v.
Christopher GRIFFITH, Respondent.
No. 85295.
Supreme Court of Florida.
June 13, 1996.
Robert A. Butterworth, Attorney General; Joan Fowler, Bureau Chief, Senior Assistant Attorney General and Myra J. Fried, Assistant Attorney General, West Palm Beach, for Petitioner.
Richard L. Jorandby, Public Defender and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for Respondent.
SHAW, Justice.
We have for review a decision passing upon the following questions certified to be of great public importance:
I. IN THE PROSECUTION OF VIOLATIONS COMMITTED WHILE THE OFFENDER WAS UNDER THE AGE OF 16, DOES § 39.02, FLA.STAT. (1983), REQUIRE THAT SUCH CHARGES BE COMMENCED AGAINST A 22-YEAR OLD DEFENDANT IN ACCORDANCE WITH THE JUVENILE STATUTES?

*912 II. DO THE PROVISIONS OF § 39.111(6), FLA.STAT. (1983), APPLY TO AN ADULT DEFENDANT WHO IS CHARGED AND CONVICTED OF A CRIME COMMITTED WHILE HE WAS UNDER THE AGE OF 16, REGARDLESS OF THE DEFENDANT'S AGE AT THE TIME OF SENTENCING?
Griffith v. State, 654 So.2d 936, 944 (Fla. 4th DCA 1995). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer both certified questions in the affirmative.
In December of 1989, twenty-two-year-old Christopher Griffith was charged by information with fourteen felonies that occurred between August 2, 1983, and August 1, 1985, when Griffith was between the ages of fifteen and seventeen. He was convicted on three counts of sexual battery upon a child[1] and two counts of lewd assault. In light of the fact that the information against Griffith does not specify the dates of the offenses, the Fourth District Court of Appeal applied the rule of lenity and proceeded on the assumption that Griffith committed all the offenses while under the age of sixteen. Premised upon this assumption, the district court reversed Griffith's convictions, finding that the criminal division of the circuit court lacked jurisdiction and that the trial court erred by sentencing Griffith as an adult without considering his juvenile status. The court held that in order to charge an adult with crimes committed while under the age of sixteen, the state must commence proceedings under chapter 39, part II, Florida Statutes (1983), and in that proceeding, the judge must decide whether the defendant may be waived over to adult court. Griffith, 654 So.2d at 941. We agree.
Under chapter 39, the Florida Juvenile Justice Act, all proceedings against children under eighteen must originate in the juvenile division of the circuit court, jurisdiction being mandatory and exclusive:
39.01 Definitions.When used in this chapter:
....
(7) "Child" means any unmarried person under the age of 18 alleged to be dependent or any married or unmarried person who is charged with a violation of law occurring prior to the time that person reached the age of 18 years.
....
39.02 Jurisdiction.
(1) The circuit court shall have exclusive original jurisdiction of proceedings in which a child is alleged to have committed a delinquent act or violation of law.
(2) During the prosecution of any violation of law against any person who has been presumed to be an adult, if it is shown that the person was a child at the time the offense was committed, the court shall forthwith transfer the case ... to the appropriate court for proceeding under this chapter.
The state argues that pursuant to section 39.02(4), Florida Statutes (1983), the juvenile court automatically loses jurisdiction once a child reaches the age of nineteen; thus Griffith, who was twenty-two years old when informed against, was properly charged as an adult. Section 39.02(4) states:
Notwithstanding the provisions of s. 743.07, when the jurisdiction of any child who is alleged to have committed a delinquent act is obtained, the court shall retain jurisdiction, unless relinquished by its order, until the child reaches 19 years of age....
As the district court noted, the state misreads the statute. Griffith, 654 So.2d at 940. The provision serves to relinquish jurisdiction once it is obtained. In the instant case, the state bypassed the juvenile court by filing an information against Griffith and trying him in the criminal division of the circuit court. As the district court correctly concluded, jurisdiction was never obtained by the juvenile court; ergo section 39.02(4) was inapplicable.
Next, the state maintains that chapter 39 does not apply to Griffith because he was later convicted of unrelated felonies in adult court. We reject this argument. Jurisdiction *913 is acquired on the basis of the defendant's age at the time of the offense, not the fact that he was treated as an adult in unrelated criminal prosecutions.
The Juvenile Justice Act vests the juvenile division with exclusive jurisdiction over all proceedings in which a child allegedly violates the law unless, in compliance with the Act, juvenile jurisdiction is waived or the juvenile falls under a statutory exception. Accordingly, in certain circumstances, children may be tried as adults and exposed to adult sanctions. Troutman v. State, 630 So.2d 528, 531 (Fla.1993); see §§ 39.02(5)(a) (authorizing transfer of fourteen-year-olds to adult court after waiver hearing); 39.02(5)(b) (authorizing transfer to adult court if child, joined by parent or guardian, demands to be tried as an adult); 39.02(5)(c)1. (authorizing trial as an adult if grand jury indicts child for an offense punishable by death or life imprisonment); 39.04(2)(e)4. (authorizing the state attorney to file an information against a child who was sixteen or seventeen at the time of the offense), Fla.Stat. (1983).
In the instant case, the state could have waived the jurisdiction of the juvenile court in compliance with the Act by seeking an indictment. Section 39.02(5)(c)1., Florida Statutes (1983), permits the state to seek an indictment when a child is charged with an offense punishable by death or life imprisonment, and upon its return, "[t]he child shall be tried and handled in every respect as if he were an adult." Griffith was under sixteen when the offenses occurred, old enough to be indicted for a life felony, but too young to be charged by information.[2]
It is irrelevant that Griffith was subsequently convicted of other offenses in adult court, or that he was charged when he was an adult for offenses occurring when he was a child. If Griffith had been charged at the time of the offenses, he would have received the benefit of the "firm layer of protection for juveniles" as intended by the legislature. Troutman, 630 So.2d at 531. The state's delay in charging him with these crimes cannot waive him into criminal court in violation of the legislature's clear jurisdictional mandate.
While the age of the defendant when the offense was committed rather than when the charges are filed controls whether the charges should be filed in juvenile court or criminal court, Griffith's convictions must stand because he failed to object to being tried in adult court. Counsel points us to State v. King, 426 So.2d 12, 14 (Fla.1982), by way of analogy. King is directly on point. As in the instant case, King, who was a juvenile, was tried and convicted as an adult without objection. On appeal, he pointed out for the first time that under the law he should have been charged as a juvenile. This Court agreed that he was entitled to be charged as a juvenile but held that he waived this right by not asserting it at the trial level. The Court reasoned that the issue turned on whether the error was fundamental, affecting the court's jurisdiction so as to render its judgment void. The Court concluded that the judgment was only voidable and that as a consequence King waived his right to be tried as a juvenile by failing to object at the trial court level. The Court stated:
In this case the trial court had jurisdiction of the subject matter ... because it is a circuit court which has jurisdiction of all felonies. § 26.012(2)(d), Fla.Stat. (1981). As for any objections King may have had as to the court's jurisdiction over his person, he waived them by appearing in person and defending his case. Haddock v. State, 129 Fla. 701, 176 So. 782 (1937); Tillman v. State, 58 Fla. 113, 50 So. 675 (1909).
King, 426 So.2d at 14.
Similarly, there is no jurisdictional problem in the instant case because the juvenile court and the criminal court are divisions of the circuit court. Griffith waived any objections he had relative to being tried in the criminal division by appearing and defending his case. As we explained in King:
There is good reason for requiring defendants to register their objections with the trial court. A defendant should not be *914 allowed to subject himself to a court's jurisdiction and defend his case in hope of an acquittal and then, if convicted, challenge the court's jurisdiction on the basis of a defect that could have been easily remedied if it had been brought to the court's attention earlier. Neither the common law nor our statutes favor allowing a defendant to use the resources of the court and then wait until the last minute to unravel the whole proceeding. Sawyer v. State, 94 Fla. 60, 113 So. 736 (1927). In this case, if the court had realized that respondent had been improperly charged by an indictment, the defect could have been remedied quite easily by the filing of an information under section 39.04(2)(e)4, or the transfer of the case to the juvenile division.
Id. at 15.[3]
With regard to the second certified question, the law is well settled that absent a voluntary, knowing, and intelligent waiver, or a statutory exception,[4] the provisions of section 39.111(6),[5] Florida Statutes (1983), must be considered when sentencing an adult whose crimes were committed as a child. See, e.g., Troutman v. State, 630 So.2d 528, 531 (Fla.1993); Sirmons v. State, 620 So.2d 1249, 1252 (Fla.1993); State v. Rhoden, 448 So.2d 1013, 1017 (Fla.1984); Veach v. State, 614 So.2d 680 (Fla. 1st DCA 1993), approved, 630 So.2d 1096 (Fla.1994). We hold that although Griffith was an adult when charged, tried, and sentenced, the trial court must comply with section 39.111(6) in light of the fact that he was a child at the time the offenses occurred and he neither waived his right to be sentenced under chapter 39 nor fell within an applicable statutory exception.
Accordingly, we answer both certified questions in the affirmative. The decision of the district court reversing the convictions is quashed and the case remanded for proceedings consistent with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, GRIMES and HARDING, JJ., concur.
WELLS, J., concurs in part and dissents in part with an opinion.
ANSTEAD, J., recused.
WELLS, Justice, concurring in part and dissenting in part.
I concur in the result with respect to Griffith's convictions and the application of State v. King, 426 So.2d 12 (Fla.1982), to this case.
I dissent because I conclude that the application of chapter 39, Florida Statutes (1983), to the prosecution of a person twenty-two years old is not intended by the statute and is not a necessary or logical application of the statute. I believe that it is plainly the intent of chapter 39 to provide special treatment to juveniles because of their age and maturity when the juveniles are before the court while they are juveniles. I read section 39.04 as intending to make chapter 39 inapplicable to a person who is prosecuted after reaching nineteen years of age.
I agree with the well-reasoned opinion of Judge Sharp in State v. A.N.F., 413 So.2d 146 (Fla. 5th DCA 1982):
We conclude that a person who allegedly commits a crime during his minority (before age eighteen), and is not prosecuted in the Juvenile Division before he becomes nineteen years of age, should not be handled as a juvenile under Chapter 39. The jurisdiction of the Juvenile Court is specially carved out of the general jurisdiction of the circuit court, and it is by special legislative grace and favor, that individuals are given special treatment and consideration under that system. Persons over the *915 age of nineteen, even though they committed an alleged crime while under the age of eighteen, because not included under Chapter 39, fall back under the general jurisdiction of the circuit court, and are subject to prosecution therein.
413 So.2d at 147-48 (footnote omitted). I would adopt Judge Sharp's analysis.
With this analysis there is no requirement to apply section 39.111, which simply does not fit the prosecution of a person in excess of age nineteen.
NOTES
[1] Sexual battery by a person under eighteen upon a child under twelve is a life felony punishable by life imprisonment. § 794.011(2), Fla. Stat. (1983).
[2] Effective January 1, 1995, the state attorney may file an information against children 14 or 15 years old who are charged with sexual battery. § 39.052(3)(a)5.a., Fla.Stat. (1995).
[3] The King rationale was reaffirmed by this Court in State v. Fitzpatrick, 430 So.2d 444 (Fla. 1983).
[4] When an indictment is returned on an offense punishable by death or life imprisonment, section 39.02(5)(c)1.a.3, Florida Statutes (1993), states in pertinent part: "If the child is found to have committed the offense punishable by death or by life imprisonment, the child shall be sentenced as an adult."
[5] The pertinent substance of section 39.111 is now found in section 39.059, Florida Statutes (1995), having been reenacted as such by chapter 90-208, section 17, Laws of Florida.