ANTOON, Judge.
N.T., a juvenile, appeals the order adjudicating him guilty of indirect criminal contempt. Because the prosecution for indirect criminal contempt constituted a violation of N.T.’s constitutional protection against double jeopardy, we reverse.
N.T. was placed on community control for the offense of grand theft. The community control order required that he keep scheduled appointments with his community control officer and continue to reside with his mother. A short time later, he violated these conditions and was placed back on community control. Subsequently, a second petition for violation of community control alleging similar violations was filed. The trial court, sua sponte, issued an order to show cause why N.T. should not be held in indirect criminal contempt. At the show cause and violation of community control hearing, defense counsel moved to dismiss the order to show cause on double jeopardy grounds. The trial court denied the motion, found that N.T. had violated the conditions of his community control, and adjudicated him guilty of indirect criminal contempt of court.
The issue in this case is whether N.T.’s prosecution for both the violation of community control and indirect criminal contempt violated his constitutional guarantee against double jeopardy. In United States v. Dixon, 509 U.S. 688,113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), the United States Supreme Court held that the double jeopardy protections apply to both criminal contempt proceedings and criminal prosecutions.
The facts in Dixon are analogous to those in the instant case. Dixon was granted pretrial release pending criminal charges and, as a condition thereof, he was ordered not to commit “any criminal offense.” While awaiting trial, he committed the offense of possession of cocaine and was subsequently prosecuted for criminal contempt based on the violation of the pretrial release order. Upon review, the Court determined that the double jeopardy clause of the Fifth Amendment barred subsequent prosecution of Dixon for the substantive crime of possession of cocaine. In reaching its holding, the Dixon court applied the “same elements” test announced in Blockburger.[1] This analysis “inquires whether each offense contains an element not contained in the other; if not, they are the ‘same offense’ and double jeopardy bars additional punishment and successive prosecution.” 509 U.S. at 696, 113 S.Ct. at 2856.[2] The court reasoned that because the substantive charge of possession of cocaine did not include any element which was not contained in the contempt charge, the double jeopardy bar applied.
A similar result was reached in State v. Woodland, 602 So.2d 554 (Fla. 4th DCA 1992), wherein the defendant entered a plea of guilty to the charge of driving under the influence causing serious bodily injury. She was sentenced to five years’ probation with a special condition that she serve one year in the county jail. When she failed to surrender herself to the county jail as ordered by the trial court, the state filed an affidavit of violation of probation. Three years later, Woodland was extradited from Mexico and, upon her return, the state filed a petition for rule to show cause why she should not be held in contempt of court for disobeying the court order. The trial court dismissed the contempt action finding that prosecution for both the violation of probation and the contempt of court charge was a violation of the double jeopardy clause. In affirming, the fourth district applied the Blockburger test and determined that the elements of the action for contempt were identical to the elements of the violation of probation. Spe *690 cifically, the court reasoned that the state was required to prove that the defendant disobeyed the same court order in order to establish the violation of probation and the offense of criminal contempt and thus, the contempt charge was subsumed within the violation of probation action. Id. at 555.
Here, the state contends that, notwithstanding Dixon and Woodland, the double jeopardy clause does not bar contempt proceedings against N.T. The state suggests that section 39.0145, Florida Statutes (1995), allows a trial court to initiate contempt proceedings against juveniles when sanctions for violating community control are no longer available or appropriate. It is the state’s view that, by enacting this statute, the legislature sought to prescribe cumulative punishment for a single act.
Section 39.0145, Florida Statutes (1995),[3] provides in pertinent part:
(1) CONTEMPT OF COURT; LEGISLATIVE INTENT. The court may punish any child for contempt for interfering with the court or with court administration, or for violating any provision of his chapter or order of the court relative thereto. It is the intent of the Legislature that the court restrict and limit the use of contempt powers with respect to commitment of a child to a secure facility. A child who commits direct contempt of court or indirect contempt of a valid court order may be taken into custody and ordered to serve an alternative sanction or placed in a secure facility, as authorized in this section, by order of the court.
(2) PLACEMENT IN A SECURE FACILITY. A child may be placed in a secure facility for purposes of punishment for contempt of court if alternative sanctions are unavailable or inappropriate, or if the child has already been ordered to serve an.alternative sanction but failed to comply with the sanction.
* ⅜ * * * *
(4) CONTEMPT OF COURT SANCTIONS; PROCEDURE AND DUE PROCESS.-
[[Image here]]
(c) The court may not order that a child be placed in a secure facility for punishment for contempt unless the court determines that an alternative sanction is inappropriate or unavailable or that the child was initially ordered to an alternative sanction. The court is encouraged to order a child to perform community service, up to the maximum number of hours, where appropriate before ordering that the child be placed in a secure facility as punishment for contempt of court.
In our view, this provision seeks to ensure that trial judges consider alternative sanctions before placing juveniles in secure detention facilities for contempt of court and in no way authorizes the imposition of cumulative punishments. Accordingly, we hold that N.T.’s prosecution for contempt of court arising out of his violation of community control is barred as violating the double jeopardy clause. U.S. Const. Amend. V; Fla. Const., Art. I, § 9. In so holding, we acknowledge the problems confronting trial judges presiding over juvenile delinquency proceedings who, day in and day out, do their best to help children and to protect society. They are required to carry out these responsibilities without having the benefit of adequate tools. In this regard, current programs for juvenile offenders are too few and too crowded. Even when adequate programs are available, delays in placement diminish their potential effectiveness.
The trial court in the instant case had previously adjudicated N.T. guilty of violating his community control when confronted with a second petition to violate community control. The court’s other options were (1) to reward the juvenile for violating the order of community control by terminating the supervision and freeing him from legal constraints; (2) to order that he be committed to a Department of Juvenile Justice; or (3) to *691 place the juvenile back in community control and await a third violation. The trial court, having a much better vantage point than our own, thought that a short but tough and quick response was best for the juvenile. However, notwithstanding the trial court’s good intentions, the prosecution for indirect criminal contempt constituted a violation of N.T.’s Fifth Amendment protection against double jeopardy. We are therefore constrained to reverse.
REVERSED.
PETERSON, C.J., and GOSHORN, J., concur.

. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

. The United States Supreme Court recently reaffirmed the “same offense” analysis in Rutledge v. United States, 517 U.S.-, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996) (If "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.”).

. Previously, a juvenile could not be placed in a secure detention for contempt of court. See A.A. v. Rolle, 604 So.2d 813 (Fla.1992). However, under the recent revisions to Chapter 39, detention has been specifically authorized for use in instances of contempt of court. See § 39.042(l)(d), Fla. Stat. (1995).