PARIENTE, BARBARA J., Associate Judge,
concurring specially.
The state defends the jurisdictional issue only on the basis of waiver.[2] I am uncertain that section 39.022, Florida Statutes (1995), cited by the majority, applies here, where defendant was never presumed to be an adult. However, I concur with the majority that a reading of State v. Griffith, 675 So.2d 911 (Fla.1996), and State v. King, 426 So.2d 12 (Fla.1982), in conjunction with section 39.022, compels the conclusion that no waiver occurred because here, unlike in Griffith and King, the objection was made in the trial court. As stated by our supreme court in Griffith:
There is good reason for requiring defendants to register their objections with the trial court. A defendant should not be allowed to subject himself to a court’s jurisdiction and defend his case in hope of an acquittal and then, if convicted, challenge the court’s jurisdiction on the basis of a defect that could have been easily remedied if it had been brought to the court’s attention earlier. Neither the common law nor our statutes favor allowing a defendant to use the resources of the court and then wait until the last minute to unravel the whole proceeding. In this case, if the court had realized that respondent had been improperly charged by an indictment, the defect could have been remedied quite easily by the filing of an information under section 39.04(2)(e)4, or the transfer of the case to the juvenile division.
675 So.2d at 913-14 (quoting King, 426 So.2d at 15) (citations omitted).
In contrast, here defendant’s counsel requested either a dismissal or a transfer to juvenile court by asking the trial court to “change hats and treat this as a delinquency hearing.”
I also write to point out that, in my opinion, the state may still be able to be retry defendant as an adult, if the state follows the proper statutory procedures.[3] At the time the crimes charged in the information occurred, there were several methods available to the state by which defendant could have been prosecuted as an adult. Section 39.022(5)(c)l., Florida Statutes (1993),[4] required the State to try a defendant as an adult if a grand jury had returned an indictment on the charges of sexual battery. Here, as in Griffith, defendant was “old enough to be indicted for a life felony, but too young to be charged by information.” 675 So.2d at 913.
Another method was found in section 39.052(2)(a)(1993),[5] which authorized the state attorney to move for a transfer to adult court if the child was 14 years or older at the time of the alleged delinquent act and the trial court determines that transfer is appropriate after consideration of the eight factors outlined in section 39.052(2)(c). I do not read our reversal as precluding the state from requesting a transfer to adult court and attempting to demonstrate to the court compliance with the statutory, criteria. See King, 426 So.2d at 14. The record before us does *620 not reveal that the state ever made such an attempt.

.Subsection 39.052(3)(a)5.a, Florida Statutes (1995), effective January 1, 1995, allows the state attorney to "file an information against children 14 or 15 who are charged with sexual battery.” See State v. Griffith, 675 So.2d 911, 913 n. 2 (Fla.1996). The state did not argue to the trial court nor does it argue on appeal that this statute would have permitted the direct filing by information. Apparently this is because the charges arose prior to the effective date of the statute. See id. at 911 (rule of lenity requires assumption that offense occurred prior to January 1, 1995). The state has not asserted that this subsection would be retroactively applicable, so we have not considered whether the application of this statute to defendant’s case would violate the prohibition against ex post facto laws contained in Article I, Section 10 of the United States Constitution. See Collins v. Youngblood, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990).

. Because reversal is required due to procedural defects in defendant's conviction, rather than insufficient evidence, double jeopardy principles will not be violated by retrial. See Tibbs v. State, 397 So.2d 1120 (Fla.1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Grant v. State, 390 So.2d 341, 344 n. 2 (Fla.1980); In re A.P., 636 So.2d 790 (Fla. 4th DCA 1994).

. Now codified at subsection 39.052(3)(a)4.a., Florida Statutes (1995).

. Now codified at subsection 39.052(3)(a)2.a., Florida Statutes (1995).