760 So.2d 162 (2000)
Ronald COTE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-4438.
District Court of Appeal of Florida, Second District.
March 17, 2000.
Rehearing Denied May 8, 2000.
*163 James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Mr. Cote appeals the denial of his motion to dismiss a petition alleging that he violated the terms of his community control. He contends that his sentence violated his constitutional right to be protected against double jeopardy. We affirm.
While a juvenile, Mr. Cote entered a plea to a felony in case number 97-670, a case in which he was exposed to adult sanctions. Rather than imposing adult penalties, the trial court opted for the juvenile sanction of commitment to a Level 8 facility to be followed by community control that was not to extend beyond his 19th birthday. After Mr. Cote's sentencing hearing on August 26, 1997, a written order of commitment to the Department of Juvenile Justice (to be followed by after-care probation) was entered in the felony case on September 18, 1997. Erroneously, the juvenile commitment order indicated that it was entered in the juvenile division and reflected that Mr. Cote had entered a plea to a juvenile petition rather than to a felony information in felony division.
Subsequently, Mr. Cote was brought before the juvenile court judge for a contempt citation arising out of violations of his community control order. The juvenile judge indicated that the enforcement of Mr. Cote's juvenile sentence had been referred to the juvenile division of circuit court. Thus, upon a plea to the violations, Mr. Cote was held in indirect criminal contempt and was sentenced to serve a period of time in juvenile detention. Later, in this unique factual scenario, Mr. Cote was brought before the original felony division sentencing judge for violations of his community control order. The violations cited by the State were identical to those considered by the juvenile court judge. Mr. Cote argued that the violation hearing was prohibited by double jeopardy. The motion was denied and, upon plea, the court revoked the juvenile community control, withheld adjudication of guilt, and imposed a downward departure sentence of six years in prison, which was suspended on the condition that he successfully complete two years of community control followed by five years on probation.
Despite the "juvenile division" misnomer appearing on the order of commitment, the felony case remained in felony division. No court order transferring divisions or consolidating the felony case with other pending juvenile cases was entered. We conclude that the juvenile division was without divisional authority jurisdiction to act upon Mr. Cote's alleged violations. Jurisdiction of a court is frequently *164 invoked by statutory law. Section 985.201, Florida Statutes (1997), confers in the circuit courts exclusive original jurisdiction of proceedings "in which a child is alleged to have committed a delinquent act or violation of law." As stated by our supreme court in State v. Griffith, 675 So.2d 911, 913 (Fla.1996), "[t]he Juvenile Justice Act vests the juvenile division with exclusive jurisdiction over all proceedings in which a child allegedly violates the law unless ... juvenile jurisdiction is waived." Here, juvenile jurisdiction was waived because the information against Mr. Cote was directly filed in the felony division. Accordingly, the juvenile proceeding did not come within the specified grant of jurisdictional authority awarded by section 985.201, Florida Statutes (1997), see Williams v. State, 737 So.2d 1141 (Fla. 4th DCA 1999), nor could the parties confer jurisdiction upon the court by stipulation or by failure to object to its action, see Worley v. State, 396 So.2d 1153 (Fla. 2d DCA 1981). Although juvenile court and criminal court are divisions of the circuit court, defense counsel cannot fail to object to the juvenile court judge's exercise of authority and then, when the client is convicted, seek a remedy later. The trial court's resources are not to be consumed in such a manner. See Griffith, 675 So.2d at 913-914. Here, in fairness, we must also point out that the error went unnoticed by the State.
We conclude that the juvenile division was without divisional authority jurisdiction to act upon Mr. Cote's alleged violations. Therefore, the juvenile court judge could not legally impose sanctions, and the constitutional prohibition against double jeopardy was not implicated when the felony division judge imposed sentence.
The double jeopardy clause provides three basic rights: protection against a second prosecution for the same offense after an acquittal; protection against a second prosecution after a conviction; and preclusion of the imposition of multiple punishments for the same offense. See Jones v. Thomas, 491 U.S. 376, 380-382, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989); State v. Wilson, 680 So.2d 411 (Fla.1996). Because Mr. Cote's felony sentence exposes him to the possibility of further punishment by incarceration, we hold that Mr. Cote is entitled to an accounting of the time spent in detention pursuant to the improper juvenile court order, and that time must be credited against a subsequent term of incarceration, if any. See Thomas, 491 U.S. at 382, 109 S.Ct. 2522.
In conclusion, we point out that section 985.233(4)(e), Florida Statutes (1997), enacted subsequent to the filing of the information against Mr. Cote but prior to the invalid sentencing by the juvenile judge, prohibits the transfer to juvenile court of felony proceedings where a juvenile sanction is imposed. This procedural statute should preclude a similar situation from occurring in the future.
Affirmed.
WHATLEY, J., Concurs.
FULMER, A.C.J., Dissents with opinion.
FULMER, Acting Chief Judge, Dissenting.
I respectfully dissent because I believe the majority improperly concludes that "the juvenile court judge could not legally impose sanctions, and the constitutional prohibition against double jeopardy was not implicated when the felony division judge imposed sentence."
It is clear from the following comments made by the juvenile court judge at the beginning of the contempt proceeding that everyone was aware that Mr. Cote's juvenile sanction had been originally imposed in a felony proceeding filed in adult court:
[H]e was actually filed on in adult court and Judge Dubensky or Dunnigan one gave him juvenile sanctions. So, the enforcement of juvenile sanction comes here. If, in fact, they choose to violate *165 it, it will go up there. But right now we're just doing contempt so we're kind of enforcing the sanctions here.
The State responded, "Okay," and the proceeding continued. Neither the State nor Mr. Cote objected.
At the hearing on Mr. Cote's motion to dismiss, the State argued that the juvenile court did not have jurisdiction to conduct the contempt proceeding because section 985.233(4)(e), Florida Statutes (1997), provides that once a child has been sentenced to juvenile sanctions in an adult court proceeding, "further proceedings involving those sanctions shall continue to be heard in the adult court." Therefore, the State argued, "whatever [the juvenile court judge] did is null and void." The trial court agreed and denied the motion.
Prior to the enactment of section 985.233(4)(e), there was no statutory provision specifying in which division the violation of a juvenile sanction imposed in adult court should be prosecuted. However, the addition of this provision does not alter my conclusion that the second prosecution and imposition of sentence on Mr. Cote violated the Double Jeopardy Clause. The majority concludes that "the juvenile division was without divisional authority jurisdiction to act upon Mr. Cote's alleged violations," and cites to the Juvenile Justice Act's provision regarding the jurisdiction of the juvenile division of the circuit court. Citing to Worley v. State, 396 So.2d 1153 (Fla. 2d DCA 1981),[1] the majority also refers to the rule that parties cannot confer jurisdiction upon the court by stipulation or by failure to object to its action, and thereby suggests that "divisional authority jurisdiction" is subject matter jurisdiction. Furthermore, although the majority never expressly characterizes "divisional authority jurisdiction" as subject matter jurisdiction, it has treated it as such by affirming the trial court's denial of the motion to dismiss and upholding Mr. Cote's second prosecution and second sentence for the same law violation.
I am of the opinion that the jurisdiction of the juvenile division referred to in the Juvenile Justice Act is not subject matter jurisdiction, a view which the Fourth District also holds in Williams v. State, 737 So.2d 1141 (Fla. 4th DCA 1999), and which finds support in State v. Griffith, 675 So.2d 911, 913 (Fla.1996), a decision cited by the majority. The majority cites to Griffith to explain that the Juvenile Justice Act vests the juvenile division with exclusive jurisdiction over all proceedings in which a child allegedly violates the law unless juvenile jurisdiction is waived. Because Mr. Cote was initially prosecuted by information filed in the felony division, the majority concludes that the juvenile proceeding did not come within the specified grant of jurisdictional authority awarded by the Act. I agree with this conclusion. However, the lack of statutory authority does not divest the juvenile court of subject matter jurisdiction, as Griffith demonstrates.
In Griffith, the district court reversed the conviction of a defendant who was prosecuted in the criminal division of the circuit court for offenses that occurred when the defendant was under the age of sixteen. The district court's reversal was based on a finding that the criminal division lacked jurisdiction. The supreme court reversed the district court and began its discussion by acknowledging that the Juvenile Justice Act vests the juvenile division with exclusive jurisdiction over all proceedings in which a child allegedly violates the law unless juvenile jurisdiction is waived or a statutory exception applies. However, the court concluded that there was "no jurisdictional problem" that required reversal because "the juvenile court and the criminal court are both divisions of the circuit court." 675 So.2d at 913. It *166 cited to State v. King, 426 So.2d 12 (Fla. 1982), as a case directly on point.
In King, a juvenile was indicted, tried as an adult, and convicted for crimes that were not punishable by death or life imprisonment. The juvenile appealed his conviction, asserting that he could not be charged by indictment and tried as an adult under the provisions of chapter 39, Florida Statutes (1981). The district court of appeal agreed and reversed. The supreme court held that a juvenile charged with an offense not punishable by death or life imprisonment has a right not to be charged by indictment under Article I, § 15(b) of the Florida Constitution. Nevertheless, the supreme court reversed the decision of the district court because the juvenile failed to object in the trial court and, the supreme court concluded, thereby waived his right not to be charged and tried by indictment.
The supreme court then addressed another question in King that has particular significance to this case and which underscores my dissent. Because the juvenile in King asserted his right not to be tried by indictment for the first time on appeal, the supreme court had to consider whether the error was a fundamental error affecting the court's jurisdiction and thereby rendering the judgment void. The court answered this question by first noting the distinction between judgments that are void and those that are voidable, pointing out that "[o]bjections to a void judgment can be raised at any time, whereas objections to a voidable judgment must be timely made.... If a court has jurisdiction of the subject matter and of the parties, the proceeding is not a nullity and the judgment is not void." 426 So.2d at 14. The court then concluded that, in the case before it, the trial court had jurisdiction of the subject matter because it was a circuit court which has jurisdiction of all felonies and that any objection King had to jurisdiction over his person was waived by his personal appearance.
The case before us is the reverse of the scenarios in Griffith and King, but the same rules should apply. When Mr. Cote was prosecuted for violating his juvenile sanctions, the proceeding, arguably, should have been conducted in the felony division, not the juvenile division. However, both the juvenile division judge and the felony division judge are circuit judges, and it is the circuit court that has subject matter jurisdiction over felony proceedings. Therefore, I conclude that the juvenile court judgment of contempt and sentence are not void for lack of subject matter jurisdiction. They may very well be voidable, in which case a timely objection is required. But, unlike Griffith and King, in this case, the State, not the defendant, seeks to set aside the voidable judgment. In Griffith and King, there was a single prosecution and conviction and it was the defendant who was seeking to overturn the conviction. That is not the case before us. What Mr. Cote seeks to set aside here is the second prosecution and second sanction imposed on him for a single offense, which are both contrary to the protections promised by the Double Jeopardy Clause, under which Mr. Cote timely asserted his right in the trial court. Therefore, I also disagree with the majority's conclusion, relying on Griffith, that it was incumbent on Mr. Cote to object to the initial contempt proceeding in the juvenile division.
I am of the opinion that it was incumbent on the State to object to the juvenile contempt proceeding in order to preserve its authority to prosecute Mr. Cote's alleged violation of his juvenile sanction in the felony division. Thus, I would hold that the State waived its challenge to the juvenile contempt judgment by failing to object to the proceeding in the juvenile division and, therefore, the otherwise voidable contempt judgment and sentence should stand. Consequently, Mr. Cote's prosecution for both indirect criminal contempt in the juvenile division and a violation of community control in the felony division violated his constitutional guarantee against double jeopardy. See N.T. v. *167 State, 682 So.2d 688 (Fla. 5th DCA 1996). I would reverse.
NOTES
[1] Worley is a case that addresses the subject matter jurisdiction of county and circuit courts over misdemeanors.