793 So.2d 907 (2001)
Ronald COTE, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-1327.
Supreme Court of Florida.
August 30, 2001.
*908 James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Tenth Judicial Circuit, Bartow, FL, for Petitioner.
Robert A. Butterworth, Attorney General, Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law, and Timothy A. Freeland, Assistant Attorney General, Tampa, FL, for Respondent.
PER CURIAM.
We have for review Cote v. State, 760 So.2d 162 (Fla. 2d DCA 2000), which expressly and directly conflicts with N.T. v. State, 682 So.2d 688 (Fla. 5th DCA 1996). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash Cote, approve N.T., and hold that a juvenile may not be punished by both criminal contempt and for a violation of community control based upon the same underlying conduct.

THE CASE BELOW
The Second District in Cote reflects the proceedings to date:
While a juvenile, Mr. Cote entered a plea to a felony in case number 97-670, a case in which he was exposed to adult sanctions. Rather than imposing adult penalties, the trial court opted for the juvenile sanction of commitment to a Level 8 facility to be followed by community control that was not to extend beyond his 19th birthday. After Mr. Cote's sentencing hearing on August 26, 1997, a written order of commitment to *909 the Department of Juvenile Justice (to be followed by aftercare probation) was entered in the felony case on September 18, 1997. Erroneously, the juvenile commitment order indicated that it was entered in the juvenile division and reflected that Mr. Cote had entered a plea to a juvenile petition rather than to a felony information in felony division.
Subsequently, Mr. Cote was brought before the juvenile court judge for a contempt citation arising out of violations of his community control order. The juvenile judge indicated that the enforcement of Mr. Cote's juvenile sentence had been referred to the juvenile division of circuit court. Thus, upon a plea to the violations, Mr. Cote was held in indirect criminal contempt and was sentenced to serve a period of time in juvenile detention. Later, in this unique factual scenario, Mr. Cote was brought before the original felony division sentencing judge for violations of his community control order. The violations cited by the State were identical to those considered by the juvenile court judge. Mr. Cote argued that the violation hearing was prohibited by double jeopardy. The motion was denied and, upon plea, the court revoked the juvenile community control, withheld adjudication of guilt, and imposed a downward departure sentence of six years in prison, which was suspended on the condition that he successfully complete two years of community control followed by five years on probation.
Cote, 760 So.2d at 163. On appeal, Cote renewed his contention that the subsequent proceeding in the felony division violated double jeopardy principles. The Second District rejected his appeal and concluded that the juvenile division of the circuit court did not have jurisdiction to invoke contempt sanctions, and hence its prosecution for criminal contempt was void. Judge Fulmer disagreed with this analysis and dissented.

N.T. v. State
In N.T., the child was placed on community control for the commission of grand theft. When N.T. violated the conditions of a second community control order, he was successfully prosecuted both for a violation of community control and for indirect criminal contempt.
On appeal, the issue was framed as "whether N.T.'s prosecution for both violation of community control and indirect criminal contempt violated his constitutional guarantee against double jeopardy." N.T., 682 So.2d at 689. The Fifth District agreed with N.T. and, applying the "same elements" test,[1] the court explained that where two prosecutions are based on the same conduct and the prosecutions contain the same elements, double jeopardy bars the successive prosecution. Citing State v. Woodland, 602 So.2d 554 (Fla. 4th DCA 1992), and other cases, the Fifth District found the contempt charge to have been subsumed within the violation of community control, thus precluding an additional prosecution for criminal contempt. See id. at 689-90.

ANALYSIS
The State contends that the holding in N.T. should be distinguished from the circumstances presented in Cote because only one division of the circuit court was involved in N.T. whereas in Cote two distinct divisions prosecuted the juvenile for his conduct, and the juvenile division lacked jurisdiction when it punished him for criminal contempt. We disagree. Rather, we agree with the analysis set out *910 in Judge Fulmer's dissent explaining that in both instances the court was operating with circuit court jurisdiction.
As analyzed in the dissenting opinion below, this Court has decided related cases involving similar circumstances. See State v. Griffith, 675 So.2d 911 (Fla.1996); State v. King, 426 So.2d 12 (Fla.1982). In those cases we held a proceeding in the juvenile division is merely voidable, not void, for purposes of adjudication of a juvenile who was direct-filed but upon whom juvenile sanctions were imposed. Judge Fulmer explained the effect of those decisions:
In Griffith, the district court reversed the conviction of a defendant who was prosecuted in the criminal division of the circuit court for offenses that occurred when the defendant was under the age of sixteen. The district court's reversal was based on a finding that the criminal division lacked jurisdiction. The supreme court reversed the district court and began its discussion by acknowledging that the Juvenile Justice Act vests the juvenile division with exclusive jurisdiction over all proceedings in which a child allegedly violates the law unless juvenile jurisdiction is waived or a statutory exception applies. However, the court concluded that there was "no jurisdictional problem" that required reversal because "the juvenile court and the criminal court are both divisions of the circuit court." 675 So.2d at 913. It cited to State v. King, 426 So.2d 12 (Fla.1982), as a case directly on point.
In King, a juvenile was indicted, tried as an adult, and convicted for crimes that were not punishable by death or life imprisonment. The juvenile appealed his conviction, asserting that he could not be charged by indictment and tried as an adult under the provisions of chapter 39, Florida Statutes (1981). The district court of appeal agreed and reversed. The supreme court held that a juvenile charged with an offense not punishable by death or life imprisonment has a right not to be charged by indictment under Article I, § 15(b) of the Florida Constitution. Nevertheless, the supreme court reversed the decision of the district court because the juvenile failed to object in the trial court and, the supreme court concluded, thereby waived his right not to be charged and tried by indictment.
The supreme court then addressed another question in King that has particular significance to this case and which underscores my dissent. Because the juvenile in King asserted his right not to be tried by indictment for the first time on appeal, the supreme court had to consider whether the error was a fundamental error affecting the court's jurisdiction and thereby rendering the judgment void. The court answered this question by first noting the distinction between judgments that are void and those that are voidable, pointing out that "[o]bjections to a void judgment can be raised at any time, whereas objections to a voidable judgment must be timely made ... If a court has jurisdiction of the subject matter and of the parties, the proceeding is not a nullity and the judgment is not void." 426 So.2d at 14. The court then concluded that, in the case before it, the trial court had jurisdiction of the subject matter because it was a circuit court which has jurisdiction of all felonies and that any objection King had to jurisdiction over his person was waived by his personal appearance.
The case before us is the reverse of the scenarios in Griffith and King, but the same rules should apply. When Mr. Cote was prosecuted for violating his juvenile sanctions, the proceeding, arguably, should have been conducted in the felony division, not the juvenile division. *911 However, both the juvenile division judge and the felony division judge are circuit judges, and it is the circuit court that has subject matter jurisdiction over felony proceedings. Therefore, I conclude that the juvenile court judgment of contempt and sentence are not void for lack of subject matter jurisdiction. They may very well be voidable, in which case a timely objection is required. But, unlike Griffith and King, in this case, the State, not the defendant, seeks to set aside the voidable judgment. In Griffith and King, there was a single prosecution and conviction and it was the defendant who was seeking to overturn the conviction. That is not the case before us. What Mr. Cote seeks to set aside here is the second prosecution and second sanction imposed on him for a single offense, which are both contrary to the protections promised by the Double Jeopardy Clause, under which Mr. Cote timely asserted his right in the trial court.
Cote, 760 So.2d at 166-67 (Fulmer, Acting C. J., dissenting). We agree with and adopt as our own Judge Fulmer's analysis.
The circuit court has jurisdiction to hear both juvenile and felony cases. Therefore, it is a party's responsibility, whether it be the State or a child, to object to a proceeding which the contestant asserts should occur in a different division (i.e., juvenile or felony). As shown in King, we have held that a juvenile who failed to object to being tried as an adult in the felony division could not complain on appeal about the impropriety of the felony division. Likewise, as a matter of fairness, as well as adherence to double jeopardy principles, we hold that the State may not participate in a proceeding in one division of court without protesting its impropriety and then later complain that the proceeding should not have taken place in that division. Here the State did exactly that when it participated in the juvenile proceeding without objection, and then subsequently contended, in the felony division, that the juvenile proceedings were actually void. In the meantime, of course, Cote had already been adjudicated and punished for criminal contempt. Having been once punished for his misconduct, Cote could not be punished again without violating the constitutional bar against double jeopardy.
We find the juvenile contempt proceeding to have been at most voidable, not void. As such, jeopardy attached once the State participated without objection to the criminal contempt proceeding against Cote, and the court adjudicated Cote in criminal contempt and imposed sanctions. Consistent with the Fifth District's analysis and holding in N.T., which we approve, Cote could not be punished for violation of community control on the exact same facts.
Accordingly, based on the foregoing, we approve N.T., quash the Second District's decision below and remand the case for proceedings consistent herewith.
It is so ordered.
SHAW, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.
WELLS, C.J., dissents with an opinion, in which HARDING, J., concurs.
WELLS, C.J., dissenting.
I dissent because I conclude that there is no conflict jurisdiction between this case and N.T. v. State, 682 So.2d 688 (Fla. 5th DCA 1996). As stated by the Second District Court of Appeal's majority, this case arises out of a unique factual situation, which is not the same as the situation presented to the Fifth District in N.T.. In *912 view of there being no conflict, I would discharge this case.
HARDING, J., concurs.
NOTES
[1] See Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).