DAVIS, Judge.
A.M.E. challenges the trial court’s disposition order, adjudicating her delinquent on charges of burglary of an occupied dwelling and petit theft and committing her to a moderate risk facility until her nineteenth birthday. We reverse.
Two days after A.M.E. was alleged to have committed the burglary and petit theft, she appeared at a hearing with her mother. No counsel appeared on her behalf. At this hearing A.M.E. waived her right to counsel, signed a written waiver of counsel, and entered a guilty plea. A.M.E.’s mother also signed the written waiver. A.M.E. returned to court on a later date for her disposition hearing. At that hearing, the trial court did not renew the offer of counsel before adjudicating A.M.E. delinquent and ordering her placement.
Although the use of the waiver form and the trial court’s abbreviated colloquy show an attempt to comply with Florida Rule of Juvenile Procedure 8.165, neither the inquiry conducted by the trial court nor the waiver form fully achieved that goal. See G.T. v. State, 948 So.2d 900, 902 (Fla. 2d DCA 2007) (reversing on the basis of fundamental error where “although the trial court informed [juvenile] of his right to counsel, it failed to make a thorough inquiry into [juvenile’s] comprehension of the offer of counsel as required by rule 8.165(b)(2)”); C.K. v. State, 909 So.2d 602, 604 (Fla. 2d DCA 2005) (determining that *1252 the trial court committed fundamental error by, among other things, failing to “have [juvenile’s] mother verify on the written waiver that [juvenile’s] decision was discussed and appeared to be knowing and voluntary” as required by rule 8.165(b)(8)). Furthermore, rule 8.165(b)(5) requires that the trial court renew the offer of counsel before proceeding with the disposition hearing. C.K., 909 So.2d at 604. The State properly has conceded that the trial court erred by not following rule 8.165. Accordingly, we reverse the order adjudicating A.M.E. delinquent.
Despite its concession of error, the State points out that A.M.E. has now turned nineteen and may no longer be under the jurisdiction of the juvenile division of the trial court for the purposes of remand because the jurisdiction of the juvenile court terminates when the child reaches her nineteenth birthday. See § 985.0301(5)(a), Fla. Stat. (2008). Additionally, A.M.E. has fulfilled the requirements of the disposition order, i.e., commitment until her nineteenth birthday. Although we are satisfied that the circuit court has jurisdiction to accept the case on remand,[1] we recognize that any actions beyond vacating the original order may raise new issues regarding jurisdiction or other matters. As there is no way for this court to adequately anticipate these issues or address them at this time because they are not yet before us on this record, we make no further findings regarding the issues.
Accordingly, we reverse the adjudication of delinquency and the disposition order and remand the matter to the circuit court for further proceedings as determined necessary and appropriate.
Reversed and remanded.
VILLANTI and MORRIS, JJ., Concur.

. See Cote v. State, 793 So.2d 907, 911 (Fla.2001) ("The circuit court has jurisdiction to hear both juvenile and felony cases.”).