709 So.2d 122 (1998)
G.S., a Child; C.S., a Child; A.J., a Child; and A.J., a Child, Petitioners,
v.
STATE of Florida, Respondent.
Nos. 98-397 to 98-399, 98-401.
District Court of Appeal of Florida, Fifth District.
March 6, 1998.
As Amended on Rehearing May 8, 1998.
James B. Gibson, Public Defender, and James G. Whitehouse, Assistant Public Defender, for Petitioners.
No Appearance for Respondent.
*123 W. SHARP, Judge.
Because these four cases involving juveniles [1] raise the same issue of law, we consolidate them for purposes of disposition. Each juvenile, while on community control, was found to be in indirect contempt of court for violating a community control order and was placed in secure detention. Respectively, they each argue in a petition for writ of habeas corpus that the court abused its discretion and exceeded its powers by finding them in contempt and by placing them in secure detention as punishment for violating community control. We deny the petitions.
Section 985.216(2)(a), Florida Statutes (1997) provides that a delinquent child who has been held in direct or indirect contempt may be placed in a secure detention facility for five days for a first offense or for fifteen days for a second or subsequent offense. In these cases, the juveniles were placed in the Volusia County Juvenile Detention Facility for different time periods, all exceeding five days. In some cases, part of the detention time was suspended so long as the child complied with his or her order of community control. The record fails to show whether the contempt findings were first or second offenses in each case. However, the attorney for each juvenile, respectively, does not argue the time limits of the statute were violated in the case. Thus we assume no error occurred below because of the length of secure detention imposed.
Counsel reasons that section 985.231(1)(a)1.c.(I), Florida Statutes (1997) provides that a child who has been found to have violated community control may be placed in a "consequence unit in that judicial circuit, if available." (emphasis supplied) A consequence unit is a secure facility specifically designated by the Department for children who are taken into custody under section 985.207 for violating community control or aftercare, or who have been found by the court to have violated the conditions of community control or aftercare. Other than indicating consequence units are intended to be secure facilities, the statute does not further elaborate on their nature. Counsel asserts that the juvenile detention center is not a "consequence unit," and thus is not a proper facility for punishing juveniles who have violated community control, and are being punished by contempt proceedings.
A "consequence unit" is a new concept introduced as part of the 1997 amendments[2] to the juvenile delinquency statute  a piece of legislation that grows ever more complex with each legislative session. Since this is early 1998, the Department may not have fully implemented the amendment, which calls for the establishment of new facilities designated consequence units. It does not appear that the statute mandates the creation of consequence units, and apparently no funds were appropriated for their construction. No one claims a consequence unit currently exists in Volusia County.
However, this is not a violation case. In A.A. v. Rolle, 604 So.2d 813 (Fla.1992), the Florida Supreme Court held that a court cannot use secure detention to punish a juvenile for contempt of court. In response to that holding, the Legislature amended the juvenile delinquency statute to provide that secure detention may be used as punishment for contempt of court. § 985.216(1), Fla. Stat. (1997). The amendment states that a court may punish any child by contempt for interfering with the court administration, or for violating "any provision of this chapter or order of the court relative thereto." (emphasis supplied) This broad authority granted to the courts clearly includes a contempt sanction for violating a community control order. The statute further provides: "A child who commits direct contempt of court or indirect contempt of a valid court order may be taken into custody and ordered to serve an alternative sanction or placed in a secure facility, as authorized in this section, by order of the court." (emphasis supplied).
Contempt appears to be an alternative permissible procedure to address juvenile violators *124 of community control. Thus, use of consequence units may not be mandated by the statute for contempt punishment, even if they did exist in Volusia County. At least the statute in its present form does not appear to require their use.
Although show cause orders for contempt and affidavits of community control violations may both allege conduct which would constitute a violation of community control, the contempt procedure is authorized and stands separately from the violation procedures and remedies. The only apparent limitations imposed by the appellate courts deal with double jeopardy concerns. See N.T. v. State, 682 So.2d 688 (Fla. 5th DCA 1996). The juveniles in this case have not been charged with violating community control in addition to contempt of court proceedings for the same conduct. Thus, double jeopardy is not involved in these cases.
We deny the petitions for habeas corpus because no showing has been made that the juveniles are entitled to immediate release.
Petitions for Writ of Habeas Corpus consolidated and DENIED.
HARRIS and ANTOON, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
We grant Petitioner's motion for rehearing in one respect only. We delete the last two sentences of the fourth paragraph of the original opinion. [Editor's Note: Amendment incorporated for publication purposes.]
W. SHARP, HARRIS and ANTOON, JJ., concur.
NOTES
[1] In the Interest of G.S., Case Nos. 97-33063, 97-33311, and 97-33487; In the Interest of C.S., Case Nos. 97-30596 and 97-32334; In the interest of A.J., Case No. 97-30210; In the Interest of A.J., Case Nos. 97-31569, 97-32405, and 97-33412.
[2] Ch. 97-238, Laws of Fla.